STATE OF NORTH CAROLINA v. ERNEST KEITH JORDAN, Defendant

No. COA04-1380

(Filed 15 November 2005)

**1. Sentencing— prior convictions—indigency—insufficient evidence**

A defendant being sentenced failed to meet his burden of proving that he was indigent at the time of challenged prior convictions. N.C.G.S. § 15A-980.

**2. Sentencing— prior convictions—presumption of regularity—right to counsel**

Prior convictions were entitled to a presumption of regularity in a sentencing proceeding where the convictions were 20 years old and the records had been routinely destroyed. The trial court did not err by placing the burden of proof on defendant, who offered no reason that the presumption of regularity should not apply.

**3. Sentencing— prior convictions—jury findings—not required**

Jury findings were not required where a defendant sentenced within the presumptive range challenged his prior convictions.

The State met its burden by presenting certified records, and the trial court was entitled to sentence defendant in the presumptive range without further proof.

**4. Indictment and Information— sentencing factors—not required**

Sentencing factors are not required to be alleged in the indictment.

Appeal by defendant from judgment entered 19 May 2004 by Judge Kenneth C. Titus in Alamance County Superior Court. Heard in the Court of Appeals 17 August 2005.

*Attorney General Roy Cooper, by Assistant Attorney General Marc X. Sneed, for the State.*

*Bruce T. Cunningham, Jr. for defendant-appellant.*

GEER, Judge.

Defendant Ernest Keith Jordan appeals from his conviction and sentence for assault with a deadly weapon inflicting serious injury. He challenges only the trial court's calculation of his prior record level, contending (1) that the court should have granted his motion to suppress use of certain prior convictions on the grounds that they were obtained in violation of his right to counsel and (2) that a jury rather than the trial judge should have determined defendant's prior record level. We hold that the Sixth Amendment did not require that a jury determine defendant's prior record level. Further, the trial court properly applied N.C. Gen. Stat. § 15A-980 (2003) in determining that defendant failed to meet his burden of proving that prior convictions were obtained in violation of his right to counsel.

Facts

Defendant and Michael Lindley lived in the same apartment complex. On 19 October 2003, Lindley went to defendant's apartment; both men had consumed significant quantities of alcohol. Defendant began talking about fighting and, according to Lindley, announced, "[C]an't nobody whoop me. I'm the baddest man that ever was." Lindley got up to leave, but defendant got "up right there in [his] space," leading Lindley to strike defendant on the side of the head.

Lindley then went to a local store. Upon returning to his own apartment, Lindley saw defendant in the building stairwell with a

shotgun. Lindley apologized for hitting defendant and asked him to put the gun away. Instead, defendant shot Lindley in the left arm. Lindley, as a result, spent six weeks in the hospital.

Defendant was indicted for assault with a deadly weapon with intent to kill inflicting serious injury. The jury found him guilty of assault with a deadly weapon inflicting serious injury. The trial judge determined that defendant had a prior record level of III, based on eight prior class A1 or 1 misdemeanor convictions. He then sentenced defendant in the presumptive range to 34 to 50 months imprisonment.

## Discussion

Prior to trial, defendant filed a motion to suppress his prior convictions under N.C. Gen. Stat. § 15A-980, alleging that all nine prior misdemeanor convictions listed on the State's sentencing worksheet were obtained in violation of defendant's right to counsel. At trial, the State withdrew one conviction because it was not a prior conviction of defendant and defendant did not pursue suppression for three others.

With respect to the remaining five convictions—the most recent of which occurred in 1987—the trial court found that defendant failed to meet his burden of proving that they were obtained in violation of his right to counsel. When these five convictions were included in the calculation, defendant had a prior record level of III rather than II.

[1] Defendant argues that the trial court erred in finding that he failed to meet the requirements of N.C. Gen. Stat. § 15A-980 for suppressing his prior convictions.[1] N.C. Gen. Stat. § 15A-980(a) provides that "[a] defendant has the right to suppress the use of a prior conviction that was obtained in violation of his right to counsel" if the State intends to use it to impeach the defendant or if its use will result in a lengthened sentence or a sentence that would not otherwise be imposed.

N.C. Gen. Stat. § 15A-980(c) provides further:

When a defendant has moved to suppress use of a prior conviction under the terms of subsection (a), he has the burden of prov-

---

1. As an initial matter, defendant argues that this Court should remand his case to the trial court because the basis upon which the trial court denied his motion to suppress is unclear. Based upon our review of the transcript, it is apparent that the trial court denied the motion because it determined that defendant had failed to meet his burden of proving that he was improperly denied counsel in connection with the prior convictions.

ing by the preponderance of the evidence that the conviction was obtained in violation of his right to counsel. To prevail, he must prove that at the time of the conviction he was indigent, had no counsel, and had not waived his right to counsel. If the defendant proves that a prior conviction was obtained in violation of his right to counsel, the judge must suppress use of the conviction at trial or in any other proceeding if its use will contravene the provisions of subsection (a).

This Court has held that N.C. Gen. Stat. § 15A-980(c) requires that a defendant prove *all three* of the following facts: (1) he was indigent, (2) he had no counsel, and (3) he did not waive his right to counsel. *State v. Rogers*, 153 N.C. App. 203, 216, 569 S.E.2d 657, 666 (2002), *disc. review denied*, 357 N.C. 168, 581 S.E.2d 442 (2003).

The only evidence offered by defendant to meet his burden was his own testimony that he did not have an attorney for each conviction and that he was not able to afford one at that time.[2] In *Rogers*, this Court held that testimony by a defendant, standing alone, "that he could not afford an attorney at the time of a prior conviction does not prove by a preponderance of the evidence that the defendant was indigent, as required under N.C.G.S. § 15A-980." *Id.* at 217, 569 S.E.2d at 666. The Court then held: "Having concluded defendant failed to prove by a preponderance of the evidence that he was indigent at the time of the prior convictions, we need not consider whether defendant had waived his right to counsel." *Id. See also State v. Brown*, 87 N.C. App. 13, 22-24, 359 S.E.2d 265, 270-71 (1987) (upholding denial of motion to suppress when the sole evidence of indigency was the defendant's testimony that he could not afford an attorney).

Here, defendant contends that a finding of indigency is supported not only by his own testimony, but also by the trial court's finding *in this case* that defendant was indigent both at the trial and at the appellate level. The fact that defendant may presently be indigent is not, however, relevant to whether defendant was indigent when convicted during the period 1981 through 1987, the time frame of the prior convictions at issue. *Rogers* and *Brown*, therefore, establish that the trial court did not err in determining that defendant failed to meet his burden of proving that he was indigent at the time of the prior convictions.

---

2. As to one of these convictions, defendant simply testified that he had "no idea" about the case, suggesting that it was not actually his conviction. Defendant does not, however, argue on appeal that the State failed to meet its burden of proving that defendant was the perpetrator with respect to each of the convictions.

[2] Defendant next argues that by placing the burden of proof on defendant, the trial court violated *Boykin v. Alabama*, 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709 (1969). Defendant states in his brief that he "strenuously contends that under *Boykin* the burden is on the state to show the *presence* of an attorney or lack of indigency, rather [than] the burden being on the Defendant to show the *absence* of an attorney or the fact of indigency." Defendant notes that the trial court expressed concerns about *Boykin* in light of the fact that because of the age of defendant's prior convictions, most of the documentation regarding those convictions had been destroyed.

In *Boykin*, the United States Supreme Court found reversible error when a trial judge accepted a defendant's guilty plea without creating a record affirmatively showing that the plea was knowing and voluntary. *Id.* at 242, 23 L. Ed. 2d at 279, 89 S. Ct. at 1711. The Court held that a waiver of rights resulting from a guilty plea will not be inferred "from a silent record." *Id.* Defendant also points to language in *Boykin* stating that " '[t]he record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver.' " *Id.* (quoting *Carnley v. Cochran*, 369 U.S. 506, 516, 8 L. Ed. 2d 70, 77, 82 S. Ct. 884, 890 (1962)).

In *Parke v. Raley*, 506 U.S. 20, 22-23, 121 L. Ed. 2d 391, 399, 113 S. Ct. 517, 519 (1992), however, the Supreme Court revisited and clarified *Boykin*. In *Raley*, the Court considered Kentucky's recidivist sentencing statute. *Id.* at 23, 121 L. Ed. 2d at 400, 113 S. Ct. at 520. As defendant does here, the defendant in *Raley* challenged the constitutionality of the Kentucky statute under *Boykin* on the grounds that it did not require the prosecution to bear the burden of proving the validity of prior convictions. *Id.* at 22-23, 121 L. Ed. 2d at 400, 113 S. Ct. at 520. In rejecting the defendant's argument, the Court explained:

> We see no tension between the Kentucky scheme and *Boykin*. *Boykin* involved direct review of a conviction allegedly based upon an uninformed guilty plea. Respondent, however, never appealed his earlier convictions. They became final years ago, and he now seeks to revisit the question of their validity in a separate recidivism proceeding. To import *Boykin's* presumption of invalidity into this very different context would, in our view, improperly ignore another presumption deeply rooted in our jurisprudence: the "presumption of regularity" that attaches to final judgments, even when the question is waiver of constitu-

tional rights. Although we are perhaps most familiar with this principle in habeas corpus actions, it has long been applied equally to other forms of collateral attack. Respondent, by definition, collaterally attacked his previous convictions; he sought to deprive them of their normal force and effect in a proceeding that had an independent purpose other than to overturn the prior judgments.

*Id.* at 29-30, 121 L. Ed. 2d at 403-04, 113 S. Ct. at 523 (internal citations omitted).

The Court then observed that "[t]here is no good reason to suspend the presumption of regularity" when a defendant collaterally attacks a prior conviction being used to enhance a sentence. *Id.* at 30, 121 L. Ed. 2d at 404, 113 S. Ct. at 523. The Court wrote:

This is not a case in which an extant transcript is suspiciously "silent" on the question whether the defendant waived constitutional rights. Evidently, no transcripts or other records of the earlier plea colloquies exist at all. . . . The circumstance of a missing or nonexistent record is, we suspect, not atypical, particularly when the prior conviction is several years old. But *Boykin* colloquies have been required for nearly a quarter century. On collateral review, we think it defies logic to presume from the mere unavailability of a transcript (assuming no allegation that the unavailability is due to governmental misconduct) that the defendant was not advised of his rights. In this situation, *Boykin* does not prohibit a state court from presuming, at least initially, that a final judgment of conviction offered for purposes of sentence enhancement was validly obtained.

*Id.*, 113 S. Ct. at 524. The Court then concluded: "Our precedents make clear . . . that even when a collateral attack on a final conviction rests on constitutional grounds, the presumption of regularity that attaches to final judgments makes it appropriate to assign a proof burden to the defendant." *Id.* at 31, 121 L. Ed. 2d at 405, 113 S. Ct. at 524.

In this case, defendant is collaterally attacking his prior convictions on the ground that they were obtained in violation of his constitutional right to counsel. Under *Raley*, those prior convictions are entitled to a "presumption of regularity." Defendant offers no reason why that presumption should not apply to challenges under N.C. Gen. Stat. § 15A-980; indeed, defendant fails to acknowledge *Raley* at all.

Like *Raley*, the record in this case is not suspiciously silent; the 20-year-old records had been, according to the parties, routinely destroyed. Also as in *Raley*, at the time of the prior convictions, defendant's right to counsel had been long recognized. We can perceive no reasoned basis upon which to distinguish *Raley*. Based on *Raley*, we hold that defendant's argument that *Boykin* precluded placing the burden of proof on defendant is without merit.

[3] Defendant has also filed a motion for appropriate relief based on *Shepard v. United States*, 544 U.S. 13, 161 L. Ed. 2d 205, 125 S. Ct. 1254 (2005), which was decided after defendant filed his brief on appeal. Defendant contends that *Shepard* requires that a jury decide whether his prior convictions were obtained in violation of his constitutional right to counsel.

We first note that defendant's argument is actually based on *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000) and—although unmentioned in defendant's brief—on *Blakely v. Washington*, 542 U.S. 296, 159 L. Ed. 2d 403, 124 S. Ct. 2531 (2004), in which the Supreme Court held that the principles of *Apprendi* applied with respect to sentencing. Defendant's counsel was aware of *Blakely*, as indicated by defendant's abandoned fifth assignment of error, which states that the trial court erred under *Blakely* in failing to find a specified mitigating factor. At the time of the filing of his initial brief, defendant was in a position to make the arguments raised in his motion for appropriate relief, but failed to do so. Nevertheless, because this Court previously allowed defendant's request to file a supplemental brief addressing *Shepard*, we exercise our discretion to consider defendant's arguments.

In *Apprendi*, the United States Supreme Court held that the Sixth Amendment requires that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490, 147 L. Ed. 2d at 455, 120 S. Ct. at 2362-63. Subsequently, our Supreme Court held that the "statutory maximum" in North Carolina is the top of the presumptive range:

> Applied to North Carolina's structured sentencing scheme, the rule of *Apprendi* and *Blakely* is: Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed presumptive range must be submitted to a jury and proved beyond a reasonable doubt.

*State v. Allen*, 359 N.C. 425, 437, 615 S.E.2d 256, 264-65 (2005). As set out in *Allen*, therefore, the *Apprendi* and *Blakely* requirement of a jury applies in sentencing when (1) the fact results in a sentence in excess of the presumptive range, and (2) the fact is other than that of a prior conviction.

We first note that defendant was sentenced within the presumptive range. The trial court's findings regarding defendant's prior convictions did not increase the penalty imposed on defendant beyond the presumptive range. Accordingly, *Allen* suggests that neither *Apprendi* nor *Blakely* should apply. *See also Allen*, 359 N.C. at 439, 615 S.E.2d at 266 ("We emphasize that *Blakely*, which is grounded in the Sixth Amendment right to jury trial, affects only those portions of the Structured Sentencing Act which require the sentencing judge to consider the existence of aggravating factors not admitted to by a defendant or found by a jury and which permit the judge to impose an aggravated sentence after finding such aggravating factors by a preponderance of the evidence."). In *State v. Wissink*, 172 N.C. App. 829, 837, 617 S.E.2d 319, 325 (2005), however, this Court held "that the trial court erred by adding a point to defendant's prior record level [because the crime was committed while the defendant was on probation] without first submitting the issue to a jury to find beyond a reasonable doubt." Although the Court did not address the requirement in *Allen* that the fact at issue must cause the defendant's sentence to be increased above the presumptive range,[3] we are not free to revisit the decision in *Wissink*. *In re Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989).

The parties debate whether this case involves the other predicate set out in *Allen* and *Apprendi*: that the disputed fact be other than the fact of a prior conviction. While the State contends that the issues involved fall squarely within the exception to *Apprendi*, defendant urges that a jury must resolve all factual disputes relating to a prior conviction.

In *Shepard*, the United States Supreme Court considered the ability of a trial judge to resolve disputed factual issues about a prior conviction. *Shepard* involved the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e) (2000), which mandates a 15-year mini-

---

3. *See Wissink*, 172 N.C. App. at 837, 617 S.E.2d at 325 ("In this case, a fact other than a prior conviction, defendant's probationary status, that increased defendant's sentence was not submitted to a jury and proved beyond a reasonable doubt."). The Court did not distinguish between facts that increased a sentence within the presumptive range and facts that caused the sentence to exceed the presumptive range.

mum prison sentence for anyone possessing a firearm after three prior convictions for serious drug offenses or violent felonies. *Shepard*, 544 U.S. at 15, 161 L. Ed. 2d at 211, 125 S. Ct. at 1257. ACCA considers burglary a violent felony if committed in a building or enclosed space, but not if committed in a boat or motor vehicle. *Id.* Because the *Shepard* defendant's prior state convictions were obtained under a statute that did not limit burglary in that manner, the question arose regarding what information a trial court could consider in deciding whether the state convictions fell within the scope of ACCA. In deciding to enhance the defendant's sentence, the trial court considered police reports and complaint applications that contained details suggesting the defendant's prior burglaries were committed within a building or enclosed space. *Id.* at 17, 161 L. Ed. 2d at 212, 125 S. Ct. at 1258.

While the Supreme Court did not question the trial court's ability to resolve this factual dispute without a jury, the Court limited the scope of material that the trial court could consider under ACCA to "records of the convicting court approaching the certainty of the record of conviction." *Id.* at 23, 161 L. Ed. 2d at 216, 125 S. Ct. at 1261. The plurality concluded that this limitation was necessary to avoid the Sixth Amendment concerns underlying *Apprendi. Id.* at 25, 161 L. Ed. 2d at 217, 125 S. Ct. at 1262.

The Fourth Circuit has recently succinctly summarized the Supreme Court's analysis and conclusion in *Shepard*:

> [The Supreme Court] prohibited judges from resolving a "disputed fact . . . about a prior conviction," *id.* at 1262, if doing so required data—like that found in police reports—that was not inherent in that prior conviction. At the same time, however, *Shepard* explicitly affirmed that the prior conviction exception remained good law. *Id.* at 1262. To this end, the Court authorized judges to rely on a variety of conclusive court documents when determining the nature of a prior conviction. Approved sources include, for instance, the prior court's jury instructions or the "charging documents filed in the court of conviction." *Id.* at 1259. When there was no jury in the prior case, judges may use not only charging documents but "a bench-trial judge's formal rulings of law and findings of fact." *Id.* For prior guilty pleas, "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or [] some

comparable judicial record of this information," are all also available for use. *Id.* at 1263 n.3.

*United States v. Thompson*, 421 F.3d.278, 281-82 (4th Cir. 2005) (alteration in original).

With respect to the application of the *Shepard* analysis to this case, the parties have overlooked a fundamental distinction. The *Shepard* Court recognized that "the Sixth and Fourteenth Amendments guarantee a jury standing between a defendant and the power of the state, and they guarantee a jury's finding of any disputed fact *essential* to increase the ceiling of a potential sentence." *Shepard*, 544 U.S. at 25, 161 L. Ed. 2d at 217, 125 S. Ct. at 1262 (emphasis added). In *Shepard*, the trial court could not impose the sentence unless the prosecution proved that the defendant was previously convicted of a violent felony. It squarely fell within *Apprendi* and *Blakely* because it required proof by the Government of facts beyond those found by the jury. *See Blakely*, 542 U.S. at 303, 159 L. Ed. 2d at 413, 124 S. Ct. at 2537 (holding that a jury must find any facts necessary to impose a sentence greater than that which "a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant" (emphasis omitted)).

In this case, however, the trial court was entitled to impose the sentence at issue based on the jury's findings and the State's proof of defendant's prior convictions. The State met its burden of proving the prior convictions by presenting a certified Division of Criminal Information printout and a certified Division of Motor Vehicles driving history. N.C. Gen. Stat. § 15A-1340.14(f) (2003) (allowing proof of prior convictions by a copy of records maintained by the Division of Criminal Information, the Division of Motor Vehicles, or of the Administrative Office of the Courts). Defendant does not argue that the State failed to meet the requirements of N.C. Gen. Stat. § 15A-1340.14. As explained above, the State had no further burden and the trial court was entitled to sentence defendant to the presumptive range sentence without proof of any further facts. *Apprendi* and *Blakely* are, therefore, not implicated.

Defendant's argument regarding the validity of his prior convictions—an issue upon which he bore the burden of proof—is an effort to decrease the sentence that he would otherwise receive. Thus, the disputed fact is not "essential to increase the ceiling of a potential sentence," *Shepard*, 544 U.S. at 25, 161 L. Ed. 2d at 217, 125 S. Ct. at

1262, but rather is essential to decrease the potential sentence. Defendant's collateral attack on his prior convictions is analogous to a defendant's seeking to prove mitigating circumstances. Our Supreme Court confirmed in *Allen* that *Blakely* does not require that a jury make findings with respect to mitigating factors. *Allen*, 359 N.C. at 439, 615 S.E.2d at 266 ("Those portions of N.C.G.S. § 15A-1340.16 which govern a sentencing judge's finding of mitigating factors and which permit the judge to balance aggravating and mitigating factors otherwise found to exist are not implicated by *Blakely* . . . .").

We have found no authority in any jurisdiction suggesting that a jury must decide issues—upon which a defendant has the burden of proof—that would decrease a defendant's sentence. The Fourth Circuit has, however, held in an unpublished opinion that neither *Blakely* nor *Shepard* required reversal when a trial court rejected the defendant's contention that one of the convictions used in determining his sentence was obtained in violation of his right to counsel. *United States v. Jones*, Nos. 04-4179, 04-4183, 2005 U.S. App. LEXIS 21484, at *4-5 (4th Cir. Oct. 4, 2005) (per curiam). We similarly hold that the trial judge did not err in resolving the factual issues underlying defendant's motion to suppress his prior convictions.

[4] Finally, defendant's motion for appropriate relief also argues that under *State v. Lucas*, 353 N.C. 568, 548 S.E.2d 712 (2001), the trial court was without jurisdiction to impose a sentence above a prior record level I because defendant's prior convictions were not alleged in his indictment. Our Supreme Court has, however, recently overruled *Lucas* to the extent it required that sentencing factors be alleged in an indictment. *Allen*, 359 N.C. at 438, 615 S.E.2d at 265. We, therefore, affirm the sentence imposed by the trial court.

No error.

Judges CALABRIA and ELMORE concur.