STATE OF NORTH CAROLINA v. DORSEY IRVIN HADDEN

No. COA04-1606

(Filed 17 January 2006)

**1. Appeal and Error— preservation of issues—failure to argue**

Defendant's assignments of error two, four, five, and six are deemed under N.C. R. App. P. 28(b)(6) because defendant failed to argue them.

**2. Appeal and Error— preservation of issues—guilty plea— writ of certiorari—motion for appropriate relief**

Although defendant does not have a statutory right to appeal since he pleaded guilty at trial and now contends the trial court erred in a multiple taking indecent liberties with a child sentencing proceeding by determining without a jury that defendant had ten prior record level points and by failing to consider mitigating

factors, the court can address the first issue because: (1) defendant has a petition for writ of certiorari pending before the Court of Appeals; and (2) defendant addressed the first issue in his motion for appropriate relief.

3. **Sentencing— prior record level—preponderance of evidence—similarity of out-of-state convictions—presumption of regularity for prior convictions**

The trial court did not err in a multiple taking indecent liberties with a child sentencing proceeding by determining without a jury and by a preponderance of the evidence that defendant had ten prior record level points, because: (1) defendant's prior North Carolina convictions for assault inflicting serious injury and larceny merited one point each since that determination is a fact of a prior conviction; (2) four of defendant's out-of-state convictions were substantially similar to offenses under North Carolina law and these determinations did not offend defendant's Sixth Amendment right to a jury trial; and (3) prior convictions are entitled to a presumption of regularity when challenged under N.C.G.S. § 15A-980 and the burden of overcoming the presumption properly rests with defendant.

Appeal by defendant from judgments entered 26 July 2004 by Judge James U. Downs in Superior Court, Buncombe County. Heard in the Court of Appeals 24 August 2005.

*Attorney General Roy Cooper, by Assistant Attorney General Sonya M. Calloway, for the State.*

*Bruce T. Cunningham, Jr. for defendant-appellant.*

McGEE, Judge.

Dorsey Irvin Hadden (defendant) pleaded guilty to four counts of taking indecent liberties with a child, in violation of N.C. Gen. Stat. § 14-202.1, a class F felony. The State presented the trial court with a prior record level worksheet that included several prior convictions of defendant in North Carolina, New York, and Illinois. The State also presented testimony and exhibits regarding defendant's prior convictions. Based on the State's evidence, the trial court found that defendant had ten prior record points and sentenced defendant at a prior Record Level IV. Defendant presented evidence of mitigating factors, but the trial court found none. The trial court imposed four consecutive sentences ranging from a minimum of twenty-five months to a

maximum of thirty months, the statutory maximum sentence in the presumptive range. Defendant appeals.

At the sentencing hearing, the State presented evidence from Eugene Lepler, a detective with the Office of the District Attorney, concerning defendant's prior criminal history. Detective Lepler testified that he ran a reference check on defendant using the database of the North Carolina Division of Criminal Information (DCI) and the database of the National Crime Information Center (NCIC). Detective Lepler entered defendant's name and date of birth to run a DCI check and obtain defendant's FBI number. Detective Lepler then entered defendant's name and FBI number to run a national check through NCIC. Both DCI and NCIC generated a report listing defendant's prior convictions. The State introduced both reports into evidence. Detective Lepler gave testimony regarding each of the thirteen convictions listed in the reports.

According to Detective Lepler's testimony, defendant had been convicted in the State of New York on the following charges: possession of a dangerous weapon on 11 June 1971; assault, grand larceny and robbery on 19 June 1972; third-degree grand larceny on 8 March 1979; second-degree attempted criminal impersonation on 24 June 1985; obtaining transportation without pay on 14 September 1989; and possession of marijuana in a public place on 29 August 2003. For each charge, Detective Lepler identified the statute number upon which defendant was convicted and the length of the resulting sentence. The State, over objection, offered into evidence a copy of the New York penal code.

Detective Lepler also testified that defendant had been convicted of the following charges in the State of Illinois: assault with a deadly weapon on 10 October 1964, petty theft on 26 July 1965, and burglary on 26 July 1965. The State offered into evidence, over objection, a copy of the Illiois criminal statutes. Detective Lepler testified that defendant had been convicted in North Carolina of assault inflicting serious injury on 9 May 1959 and larceny on 9 January 1961.

Based on Detective Lepler's testimony, the prior conviction records, and copies of the New York and Illinois statutes, the trial court found the following:

> [T]hat all of the evidence is before the Court, and giving the benefit of any doubt to . . . defendant, that the robbery conviction in the State of New York was substantially similar to common law

robbery in North Carolina, and the Court will count that as a class G offense;

That the misdemeanor grand larceny in New York in 1979, all of these were substantiated by sufficient printout with regard to defendant's record, with his Social Security number, with his FBI number, with his date of birth, the Court finds that it is one and the same in these various other states;

And, furthermore, that the four misdemeanors starting with the grand larceny in New York in 1979, going back to North Carolina in the assault inflicting serious injury in 1959 and larceny in 1961 and assault with a deadly weapon in 1964 in Illinois are all substantially similar to the class 1 or A1 misdemeanors in North Carolina; therefore, the Court will assess the appropriate amount of points for each of those;

And, furthermore, the burglary in Illinois, the Court looking at a copy of the statute, holds that such statute is tantamount to and substantially similar to felonious breaking and entering in North Carolina, enough for sentencing purposes.

With these six prior convictions, the trial court assessed defendant with ten prior record points and calculated defendant would be sentenced at a prior Record Level IV.

After the trial court made these determinations, the State introduced the unsworn testimony of the child's grandmother. The grandmother informed the trial court that the child was thirteen years old at the time that defendant took indecent liberties with the child, and that the child was currently in therapy. The State requested that defendant receive the maximum sentence within the presumptive range.

At the sentencing hearing, defendant presented testimony from his brother and sister. Defendant's brother testified that defendant had steady employment, a good support system in North Carolina, and that defendant had good relationships with defendant's "four or five . . . local" children. Defendant's sister agreed with her brother's assessment of defendant's employment history and defendant's support system. However, defendant's sister testified that she knew of only one child of defendant who resided in North Carolina. She further testified that defendant told her he was paying child support for that one child. Based on this testimony and defendant's plea, defense counsel asked the trial court to find as mitigating factors that defend-

ant: (1) voluntarily acknowledged wrongdoing; (2) accepted responsibility for his conduct; (3) supported a family; (4) had a good support system; and (5) had a positive employment history. At the close of defense counsel's argument, defendant personally asked the trial court to take into consideration his employment, his family, and his cooperation during pre-trial release. The trial court found no mitigating factors and sentenced defendant within the Level IV presumptive range. Defendant appeals.

[1] Defendant presents no arguments for his assignments of error two, four, five and six, and they are deemed abandoned pursuant to N.C.R. App. P. 28(b)(6). Defendant argues two assignments of error on appeal: (I) whether the trial court erred by determining, without a jury, that defendant had ten prior record level points and (II) whether the trial court erred by failing to consider mitigating factors at the sentencing hearing.

[2] After filing his brief, defendant filed a Motion for Appropriate Relief (MAR) with this Court on 6 April 2005. In his MAR, defendant addresses his first assignment of error. Defendant states that while he objected at the sentencing hearing to the trial court's determination, without a jury, of his prior record level, defendant did not specify the basis for his objection. Therefore, defendant filed a MAR to preserve the issue for appellate review. Defendant contends that the determination by the trial court of defendant's contested prior record level, without a jury, violated defendant's right to a jury trial under the Sixth and Fourteenth Amendments to the Constitution. Defendant requests that his sentence be vacated and the case remanded for resentencing by a jury.

Subsequently, defendant filed a Petition for Writ of Certiorari with this Court on 25 April 2005. In his petition, defendant asserts that while his right to an appeal is limited because of his guilty plea, both of his assignments of error present issues of legal significance that should be addressed by our Court. The State filed a response to defendant's petition and a motion to dismiss defendant's petition.

A defendant who has pleaded guilty to a felony is entitled to appeal only two issues as a matter of right: (1) whether a sentence is supported by evidence at trial, if the defendant's resulting minimum sentence is outside the presumptive range for the defendant's prior record or conviction level and class of offense; and (2) whether the sentence imposed resulted from an incorrect finding of the defendant's prior record level or is a type or duration of sentence not auth-

orized by statute. N.C. Gen. Stat. § 15A-1444(a1)-(a2) (2003). In the present case, defendant does not raise either of these two issues on appeal. Rather, defendant makes a procedural, constitutional argument about the determination of his sentence. Therefore, defendant does not have a statutory right to appeal the issues presented.

Except where a defendant has made a motion to withdraw a guilty plea, a defendant who has pleaded guilty to a felony may petition our Court for review by writ of certiorari. N.C. Gen. Stat. § 15A-1444(e) (2003). However, the Rules of Appellate Procedure limit this Court's ability to issue a writ of certiorari to three circumstances: (1) when a defendant's right to appeal has been lost by failure to take timely action; (2) when no right to appeal from an interlocutory appeal exists; and (3) when a trial court has denied a defendant's MAR. N.C.R. App. P. 21(a)(1); *see State v. Nance*, 155 N.C. App. 773, 774, 574 S.E.2d 692, 693 (2003). None of these circumstances apply in the present case. Therefore, this Court is without authority under N.C.R. App. P. 21 to issue a writ of certiorari.

However, since defendant has a petition for writ of certiorari pending before this Court, we may address defendant's MAR. *See State v. Jamerson*, 161 N.C. App. 527, 530, 588 S.E.2d 545, 547 (2003) ("[A]ppellate courts may rule on such a motion [for appropriate relief] under N.C. Gen. Stat. § 15A-1418 only when the defendant has either an appeal of right or a properly pending petition for a writ of certiorari."). Because defendant's MAR addresses his first assignment of error, whether the trial court's determination of his prior record level violated his Sixth Amendment right to a jury trial, we may review this assignment of error. Because defendant does not address his second assignment of error in his MAR, we must dismiss defendant's appeal as to the second assignment of error.

[3] Defendant argues that the trial court erred by determining, without a jury, and by a preponderance of the evidence, that defendant had ten prior record level points. Defendant contends that North Carolina's statutory scheme of calculating prior record levels for sentencing must be reexamined in light of the United States Supreme Court's recent case of *Shepard v. United States*, 544 U.S. 13, 161 L. Ed. 2d 205 (2005). Under North Carolina's structured sentencing scheme, "[t]he prior record level of a felony offender is determined by calculating the sum of the points assigned to each of the offender's prior convictions that the [trial] court finds to have been proved[.]" N.C. Gen. Stat. § 15A-1340.14(a) (2003). The burden of proving the existence of a prior conviction is on the State, which must prove "by

a preponderance of the evidence, that a prior conviction exists and that the offender before the [trial] court is the same person as the offender named in the prior conviction." N.C. Gen. Stat. § 15A-1340.14(f) (2003). The State may prove a prior conviction by: (1) stipulation of the parties; (2) an original or copy of the trial court record of the prior conviction; (3) a copy of records maintained by the Division of Criminal Information, the Division of Motor Vehicles, or the Administrative Office of the Courts; or (4) any other method found by the court to be reliable. N.C.G.S. § 15A-1340.14(f).

N.C. Gen. Stat. § 15A-1340.14(e) (2003) provides the procedure for classifying prior convictions from other states:

(e) Classification of Prior Convictions From Other Jurisdictions.—. . . If the State proves by the preponderance of the evidence that an offense classified as either a misdemeanor or a felony in the other jurisdiction is substantially similar to an offense in North Carolina that is classified as a Class I felony or higher, the conviction is treated as that class of felony for assigning prior record level points. If the State proves by the preponderance of the evidence that an offense classified as a misdemeanor in the other jurisdiction is substantially similar to an offense classified as a Class A1 or Class 1 misdemeanor in North Carolina, the conviction is treated as a Class A1 or Class 1 misdemeanor for assigning prior record level points.

In the present case, the trial court found that defendant had been convicted of two prior misdemeanors under North Carolina law and assigned points to those offenses in accordance with N.C. Gen. Stat. § 15A-1340.14(a)-(b). The trial court also found, pursuant to N.C. Gen. Stat. § 15A-1340.14(e), that defendant's prior Illinois burglary conviction was substantially similar to felony breaking and entering under North Carolina law; defendant's prior New York robbery conviction was substantially similar to common law robbery in North Carolina; and defendant's New York grand larceny conviction and Illinois assault conviction were substantially similar to Class 1 or A1 misdemeanors under North Carolina law. Defendant argues that, in light of *Shepard*, these determinations should have been found by a jury beyond a reasonable doubt.

The issue in *Shepard* was what a trial court, in the context of the enhanced sentencing provisions of the Armed Career Criminals Act of 1986 (ACCA), 18 USC § 924(e), could review to resolve disputed factual issues about a prior conviction. ACCA mandates a fifteen-year

minimum sentence for offenders who possess a firearm after three prior convictions for "violent" felonies. *Shepard*, 544 U.S. at 15, 161 L. Ed. 2d at 211. Burglary is a violent felony under ACCA only if committed in a building or enclosed space. *Id.* Because the defendant in *Shepard* had a prior conviction for burglary under a statute broader than ACCA, the trial court determined whether the defendant's prior burglaries were committed within a building or enclosed space. The Supreme Court held that the trial court's determination of the character of the prior conviction was "a disputed finding of fact about what the defendant and [the trial court] must have understood as the factual basis of the prior plea." *Shepard* at 25, 161 L. Ed. 2d at 217. Because this disputed finding of fact raised Sixth Amendment concerns, the Supreme Court limited the trial court's judicial fact-finding to an examination of "the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial [court] to which the defendant assented." *Shepard* at 15, 161 L. Ed. 2d at 211. In the present case, the trial court did not look beyond the "statutory definition" of the out-of-state offenses in making its judicial determination of substantial similarity, thereby acting in accord with *Shepard*. *Cf. United States v. Washington*, 404 F.3d 834 (4th Cir. 2005) (holding that the sentencing court's use of evidence beyond that allowed by *Shepard* in making findings of fact regarding the circumstances of the defendant's prior convictions violated the defendant's Sixth Amendment rights).

*Shepard* followed *Blakely v. Washington*, 542 U.S. 296, 159 L. Ed. 2d 403 (2004), in a line of Supreme Court cases involving the Sixth Amendment. Under *Blakely*, " '[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.' " *Blakely*, 542 U.S. at 301, 159 L. Ed. 2d at 412 (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490, 147 L. Ed. 2d 435, 455 (2000)). The rule of *Blakely* as applied to North Carolina's structured sentencing scheme is: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed presumptive range must be submitted to a jury and proved beyond a reasonable doubt." *State v. Allen*, 359 N.C. 425, 437, 615 S.E.2d 256, 265 (2005).

This Court recently held in *State v. Jordan*, 174 N.C. App. 479, 621 S.E.2d 229 (2005), that where the State met its burden of proof of prior North Carolina convictions by presenting a certified DCI printout and DMV records, the trial court was entitled to sentence the

defendant to the presumptive range sentence based on the jury's verdict and the State's evidence of prior convictions. *Jordan* at 488, 621 S.E.2d at 235. Accordingly, we find no error in the trial court's determination in the present case, by a preponderance of the evidence, that defendant's prior North Carolina convictions for assault inflicting serious injury and larceny merited one point each because that determination is a fact of a prior conviction and not precluded by *Blakely* or *Allen*. *Id. See also State v. Poore*, 172 N.C. App. 839, 616 S.E.2d 639 (2005) (holding that a determination by a trial court that all elements of a defendant's current offense were included in a prior North Carolina offense did not violate *Blakely* or *Allen*).

Nor do we find error with the trial court's determination, by a preponderance of the evidence, that four of defendant's out-of-state convictions were substantially similar to offenses under North Carolina law. Our Court recently held in *State v. Hanton*, 175 N.C. App. 250, 623 S.E.2d 600 (2006) that a determination of substantial similarity under N.C. Gen. Stat. § 15A-1340.14(e) is a question of law within the province of the trial court, and we are bound by that decision. *Hanton* at 254, 623 S.E.2d at 604. In the present case, the State presented competent evidence, under N.C. Gen. Stat. § 15A-1340.14(f), of defendant's prior out-of-state convictions. From that evidence, which fell within the mandates of *Shepard*, the trial court determined as a matter of law that defendant's prior burglary conviction under Illinois law was substantially similar to felony breaking and entering under North Carolina law; defendant's prior robbery conviction in New York was substantially similar to common law robbery in North Carolina; and defendant's grand larceny conviction in New York and assault conviction in Illinois were substantially similar to Class 1 or A1 misdemeanors under North Carolina law. These determinations by the trial court do not offend defendant's Sixth Amendment right to a jury trial under *Blakely*, *Shepard*, or *Allen*.

Defendant raises one additional argument in his brief related to his assignment that the trial court erred in determining, without a jury, his prior record level. The additional argument does not appear in defendant's MAR, and so we need not reach it. However, we elect to address defendant's additional point briefly, as it raises an important issue recently addressed by our Court. Defendant argues the trial court erred in assigning prior record points to three misdemeanors in Illinois and North Carolina, where no evidence was presented showing whether defendant was represented by counsel or whether defendant had waived his Sixth Amendment right to an attorney at

those trials. N.C. Gen. Stat. § 15A-980(a) (2003) provides that a defendant has the right to suppress a prior conviction that was obtained in violation of his right to counsel if the use of the conviction will affect the length of imprisonment. Upon moving for suppression of a conviction, a defendant bears the burden of proving by a preponderance of the evidence that the conviction was obtained in violation of his right to counsel. N.C. Gen. Stat. § 15A-980(c) (2003). This Court has held that a defendant must prove: (1) indigence, (2) lack of counsel, and (3) absence of a waiver of the right to counsel. *State v. Rogers*, 153 N.C. App. 203, 216, 569 S.E.2d 657, 666 (2002), *disc. review denied*, 357 N.C. 168, 581 S.E.2d 442-43 (2003). At trial, defendant argued only one ground under *Rogers*: absence of a waiver of the right to counsel. On appeal, defendant argues that the burden of proving the lack of a waiver should fall to the State, rather than to a defendant. Defendant argues that by placing the burden of proof on a defendant, *Rogers* violates *Shepard*. Our Court recently decided this very issue and reaffirmed the *Rogers* burden in *Jordan*, which held that "prior convictions are entitled to a 'presumption of regularity' " when challenged under N.C. Gen. Stat. § 15A-980 and the burden of overcoming the presumption properly rests with the defendant. *Jordan* at 484-85, 621 S.E.2d at 233 (quoting *Parke v. Raley*, 506 U.S. 20, 29-31, 121 L. Ed. 2d 391, 403-04 (1992)).

Affirmed.

Judges McCULLOUGH and JACKSON concur.