BERGER, Judge.
 

 *210
 
 Edward Thorpe, a.k.a. Marquis Tayshawn Evans, ("Defendant") pleaded guilty to felony breaking and entering, larceny after breaking and entering, felony possession of stolen goods, two counts of habitual misdemeanor assault, and having attained habitual felon status. Defendant's appeal arises from the
 
 *69
 
 trial court's denial of a motion to suppress a prior conviction. Defendant alleges that the trial court erred in denying his motion to suppress because said conviction was obtained in violation of his right to counsel. We disagree.
 

 Factual and Procedural Background
 

 On January 26, 2015, a Wake County Grand Jury indicted Defendant for breaking and entering in violation of
 
 N.C. Gen. Stat. § 14-54
 
 (a), larceny after breaking and entering in violation of
 
 N.C. Gen. Stat. § 14-72
 
 (b)(2),
 
 *211
 
 and possession of stolen goods in violation of
 
 N.C. Gen. Stat. § 14-71.1
 
 . On January 27, 2015, the Grand Jury issued a True Bill of Indictment alleging that Defendant had attained habitual felon status pursuant to
 
 N.C. Gen. Stat. § 14-7.1
 
 . Subsequently, on July 7, 2015, Defendant was indicted for two counts of assault on a female in violation of
 
 N.C. Gen. Stat. § 14-33
 
 (c)(2), and one count of habitual misdemeanor assault in violation of
 
 N.C. Gen. Stat. § 14-33.2
 
 . Indictments for two additional counts of assault on a female and habitual misdemeanor assault were handed down by the Grand Jury on August 4, 2015. An additional habitual felon indictment was issued against Defendant on September 29, 2015.
 

 On February 9, 2016, Defendant pleaded guilty to felony breaking and entering, larceny after breaking and entering, felony possession of stolen goods, two counts of habitual misdemeanor assault, and having attained habitual felon status. These charges were consolidated into one judgment, and Defendant was sentenced to 77 to 105 months in prison.
 

 Prior to the trial court accepting his plea, however, Defendant filed a motion to suppress, pursuant to N.C. Gen. Stat. § 15A-980, relating to an underlying assault inflicting serious injury conviction utilized in the two indictments for habitual misdemeanor assault. Defendant argued that this conviction should be suppressed because it "was obtained in violation of his right to Counsel." Defendant filed an affidavit with his motion to suppress and asserted that, when he pleaded guilty to the charges of assault inflicting serious injury and resisting a public officer in Wake County District Court file number 99 CR 57226, he was not represented by counsel, was indigent, and did not waive his right to counsel. Defendant also alleged that he had other pending charges at the time for which he requested and received court-appointed counsel.
 

 On February 8, 2016, a hearing on the motion to suppress was held. Defendant's only evidence was his own testimony. Defendant testified that when the charge at issue was pending, he was living with his father and brother, was not employed, owned no property, and was therefore indigent.
 

 Defendant also stated that he would not have gone to court without an attorney representing him. Defendant asserted that he had representation for other charges during that time period, but claimed he had no representation on the charge at issue. When asked by his attorney if he would have gone to court without an attorney during that time period, Defendant testified, "absolutely not."
 

 Ms. Tonya Woodlief, Assistant Clerk of Wake County Superior Court, was called by the State to testify. Ms. Woodlief stated that
 
 *212
 
 she has processed and maintained records for the Criminal Division for thirteen years, and, at the time of her testimony, was head of the Criminal Division.
 

 Ms. Woodlief testified that the Clerk's Office keeps records of case events for misdemeanor cases by hand-written notes directly on the shuck.
 
 [1]
 
 In Wake County, the physical files of misdemeanor criminal records are maintained for five years and then destroyed. The electronic summaries of these records are retained after the physical files are destroyed.
 

 The electronic records kept and maintained by the Clerk showed that Defendant had retained an attorney and had pleaded guilty to the charges of assault inflicting serious injury and resisting a public officer in criminal case file 99 CR 57226. Ms. Woodlief testified that the designation "R" was utilized in the Clerk's Office to reflect that a defendant had retained counsel. In addition, "N/A"
 

 *70
 
 was used when the handwritten notes on the shuck were not legible or the attorney's name was unknown to the clerk. The designation "N/A" was never used when a defendant did not have counsel. Ms. Woodlief also testified that the designations "R" and "N/A" appeared in the electronic record for 99 CR 57226, indicating that the name of Defendant's retained attorney was not able to be determined because either the defense attorney neglected to write his or her name on the shuck, or the handwriting was illegible and the name could not be ascertained.
 

 The trial court denied the motion to suppress, making oral findings of fact that even though he was indigent and did not waive his right to counsel, Defendant was represented by counsel in his prior conviction for assault inflicting serious injury. Defendant timely filed notice of appeal.
 

 Standard of Review
 

 Our review of a trial court's denial of a motion to suppress is "strictly limited to determining whether the trial judge's underlying findings of fact are supported by competent evidence, in which event they are conclusively binding on appeal, and whether those factual findings in turn support the judge's ultimate conclusions of law."
 
 State v. Cooke
 
 ,
 
 306 N.C. 132
 
 , 134,
 
 291 S.E.2d 618
 
 , 619 (1982) (citation omitted). The trial court's "conclusions of law are reviewable
 
 de novo
 
 ."
 
 State v. Hensley
 
 ,
 
 201 N.C.App. 607
 
 , 609,
 
 687 S.E.2d 309
 
 , 311 (2010) (citation omitted).
 

 *213
 

 Analysis
 

 Defendant's motion to suppress was filed pursuant to N.C. Gen. Stat. § 15A-980, which provides:
 

 (a) A defendant has the right to suppress the use of a prior conviction that was obtained in violation of his right to counsel if its use by the State ... will:
 

 (1) Increase the degree of crime of which the defendant would be guilty; or
 

 (2) Result in a sentence of imprisonment that otherwise would not be imposed; or
 

 (3) Result in a lengthened sentence of imprisonment.
 

 (b) A defendant who has grounds to suppress the use of a conviction in evidence at a trial or other proceeding as set forth in (a) must do so by motion made in accordance with the procedure in this Article. A defendant waives his right to suppress use of a prior conviction if he does not move to suppress it.
 

 (c) When a defendant has moved to suppress use of a prior conviction under the terms of subsection (a), he has the burden of proving by the preponderance of the evidence that the conviction was obtained in violation of his right to counsel. To prevail, he must prove that at the time of the conviction he was indigent, had no counsel, and had not waived his right to counsel. If the defendant proves that a prior conviction was obtained in violation of his right to counsel, the judge must suppress use of the conviction at trial or in any other proceeding if its use will contravene the provisions of subsection (a).
 

 N.C. Gen. Stat. § 15A-980 (2016). Thus, when seeking to suppress prior convictions pursuant to N.C. Gen. Stat. § 15A-980(c), to prevail a defendant must prove that for the purposes of the adjudication of the prior conviction: "(1) he was indigent, (2) he had no counsel, and (3) he did not waive his right to counsel."
 
 State v. Jordan
 
 ,
 
 174 N.C.App. 479
 
 , 482,
 
 621 S.E.2d 229
 
 , 231 (2005) (citations omitted).
 

 In
 
 State v. Jordan
 
 , the defendant sought to suppress prior convictions pursuant to N.C. Gen. Stat. § 15A-980. He alleged that the convictions used to calculate his prior record level, thereby lengthening his sentence, were obtained in violation of his right to counsel. The
 
 *214
 
 Clerk's records of the prior convictions were destroyed, and the defendant's only evidence was his own testimony that he did not have representation and he could not afford an attorney. This Court held that a trial court's final judgment, such as the defendant's prior convictions, is entitled to a "presumption of regularity" and that the presumption applied to prior convictions challenged under N.C. Gen. Stat. § 15A-980.
 
 Id
 
 . at 484-85,
 
 621 S.E.2d at 233
 
 .
 

 *71
 
 Official actions taken by public officers in North Carolina are accorded the presumption of regularity. Accordingly, the official actions of clerks of court are afforded this presumption of regularity.... The presumption is only one of fact and is therefore rebuttable. But in order for the [defendant] to rebut the presumption he must produce "competent, material and substantial" evidence....
 

 State v. Belton
 
 ,
 
 169 N.C.App. 350
 
 , 356,
 
 610 S.E.2d 283
 
 , 287 (2005) (internal citations, parentheticals, and quotation marks omitted).
 

 In the case
 
 sub judice
 
 , the trial court denied Defendant's motion to suppress pursuant to N.C. Gen. Stat. § 15A-980 in open court, providing findings of fact and conclusions of law orally, which are found in the record. The trial court requested the State reduce that order to writing, but no written order appears in the record.
 

 In determining whether evidence should be suppressed, the trial court shall make findings of fact and conclusions of law which shall be included in the record. A written determination setting forth the findings and conclusions is not necessary, but it is the better practice.... Thus, our cases require findings of fact only when there is a material conflict in the evidence and allow the trial court to make these findings either orally or in writing.
 

 State v. Bartlett
 
 ,
 
 368 N.C. 309
 
 , 312,
 
 776 S.E.2d 672
 
 , 674 (2015) (internal citations, parentheticals, and quotation marks omitted). The trial court found that Defendant met his burden of proof that he was indigent and had not waived counsel. However, the trial court also found Defendant had failed to carry his burden of proof that he had no counsel, the second
 
 Jordan
 
 factor and essential for him to prevail. Defendant testified that he would not have proceeded if he did not have counsel. The court specifically found that, "[i]f he says he wouldn't have done something if a condition had not existed and he did that thing, then ... it's clear that the condition did exist and that is supported by the records of the State...."
 

 *215
 
 The trial court found that the Wake County Clerk of Superior Court's records demonstrated that Defendant had representation for the assault inflicting serious injury conviction. The designations "R" and "N/A" in the electronic record for Defendant's conviction indicated he had retained an attorney whose name was illegible or unknown to the clerk entering the data. Applying the presumption of regularity to the clerk's electronic records, we presume that the information contained in these records to be accurate, and Defendant failed to rebut said presumption with "competent, material and substantial evidence."
 

 The trial court's findings of fact are supported by the competent evidence presented at the suppression hearing and included in the record, and are, thus, conclusively binding on this Court. These findings of fact support the legal conclusion that Defendant's conviction for assault inflicting serious injury was not obtained in violation of his right to counsel and was properly utilized in his indictment for habitual misdemeanor assault.
 

 Conclusion
 

 Based upon a thorough and careful review of the record, transcripts, and briefs, we conclude there was no error in the trial court's denial of Defendant's motion to suppress.
 

 NO ERROR.
 

 Judges CALABRIA and HUNTER, JR. concur.
 

 [1]
 

 A shuck is an envelope that contains documents filed in district court criminal cases.