DILLON, Judge.
Terrance Javarr Ross ("Defendant") appeals from a judgment entered upon a guilty plea to two counts of possession of a firearm by a felon. Although Defendant has no right of appeal, by writ of certiorariwe review the question of whether his plea was entered knowingly and voluntarily. Based on our conclusion that it was not, we vacate the judgment and remand the matter for further proceedings.
I. Background
A Cleveland County grand jury indicted Defendant with two counts of possession of a firearm by a felon. The matter came on for a hearing in Cleveland County Superior Court. After conducting the required colloquy with Defendant, the court accepted his guilty plea. The court sentenced Defendant to twenty-four (24) to twenty-nine (29) months in prison. Defendant entered notice of appeal in open court.
II. Analysis
Generally, there is no right to appeal from a judgment entered upon a guilty plea. See, e.g., State v. Taylor,308 N.C. 185, 186, 301 S.E.2d 358, 359 (1983). However, our Court has held that "a guilty plea entered pursuant to a transcript of plea which purports to reserve the right to seek appellate review of a particular legal issue which is not subject to such review following the entry of a guilty plea does not result in the entry of a plea which is a product of informed choice." State v. Tinney,--- N .C.App. ----, ----, 748 S.E.2d 730, 736 (2013) (internal marks omitted). Therefore, while "a defendant does not have an appeal as a matter of right to challenge the trial court's acceptance of his guilty plea as knowing and voluntary absent a denial of a motion to withdraw that plea," see State v. Santos,210 N.C.App. 448, 450, 708 S.E.2d 208, 210 (2011), a defendant who enters such a plea and makes a motion for appropriate relief from the ensuing judgment may petition our Court for review by writ of certiorari.State v. Hadden,175 N.C.App. 492, 496-97, 624 S.E.2d 417, 420 (2006).
In the present case, Defendant entered notice of appeal from the trial court's acceptance of his guilty plea. Defendant also moved the court for appropriate relief from its acceptance of his guilty plea, which the court denied. The State has filed a motion to dismiss Defendant's appeal with our Court. As noted above, Defendant has no right of appeal from the trial court's acceptance of his plea. Therefore, we hereby grant the State's motion to dismiss Defendant's appeal on the merits.
However, Defendant has petitioned our Court for certiorari,having moved in the trial court for appropriate relief from the judgment entered upon his plea. As we have previously recognized, the entry of a plea conditioned on the appealability of non-appealable matters does not result in the entry of a voluntary plea. State v. Demaio,216 N.C.App. 558, 562, 716 S.E.2d 863, 866 (2011). Issuance of the writ of certiorariis appropriate in such circumstances, provided that, as here, the defendant has made a motion for appropriate relief. Hadden,175 N.C.App. at 496-97, 624 S.E.2d at 420. Therefore, we hereby grant Defendant's petition for certiorarito review the question of whether he entered his guilty plea knowingly and voluntarily.
We find a review of the transcript of the plea hearing particularly revealing in answering this question. Specifically, after the plea was entered, the following colloquy transpired:
THE DEFENDANT: Your Honor, I just want to go on record saying that I had previously filed a 15 7-15A 711 request, and then I followed up with a motion that was never answered with the Court, and I feel like due to that fact, it's in my best interest to plead guilty today.
[DEFENSE COUNSEL]: The motion was never heard, Your Honor. I think that's what he's saying. Given the uncertainty of it, he feels it's in his best interest to go forward in this fashion, Your Honor.
THE COURT: So you're abandoning whatever was-
THE DEFENDANT: No.I just want to put on record that it was made for appeal purposes.They can't say that I abandoned the whole issue with the motion.I'm saying that I filed it previously, then I brought it up with the motion that was never answered by the Court.
THE COURT: What are you talking about? A speedy trial motion?
THE DEFENDANT: No. It's just a motion to proceed.
THE COURT: Oh, I see what you're saying.
THE DEFENDANT: Yes.
THE COURT: Okay.
THE DEFENDANT: I had filed them previously within 180 days, and they didn't comply so I filed a motion to dismiss which was never heard. So after it's been so long-at this time,that's my best option to just go on and plead guilty. I'll pursue that later on.I just want to leave that.
(Emphasis added.) The court went on to caution Defendant that entering a plea mightpreclude him from proceeding on any issues raised in the pretrial motions he referenced. Defendant responded by reiterating his desire to preserve these issues for appeal.
We hold that the transcript of the plea hearing demonstrates that Defendant entered the plea believing that the issues raised in the two pretrial motions he referenced-which are in the record on appeal but apparently were never calendared, heard, or ruled on by the trial court-would be preserved for appellate review. Therefore, we hold that Defendant's plea was improperly accepted because it was conditioned on the appealability of non-appealable matters, and as such, was not entered knowingly and voluntarily. Accordingly, we vacate the judgment and remand the case for further proceedings.
III. Conclusion
For the reasons stated herein, we vacate the judgment of the trial court and remand the case for further proceedings.
VACATED AND REMANDED.
Judges CALABRIA and ELMORE concur.
Report per Rule 30(e).
Opinion
Review pursuant to the issuance of a writ of certiorari of judgment entered 5 August 2014 by Judge James W. Morgan in Cleveland County Superior Court. Heard in the Court of Appeals 20 May 2015.