DIETZ, Judge.
 

 In 2014, Defendant Kim Lamont Harris entered into a plea agreement with the State and pleaded guilty to possession with intent to sell or distribute cocaine and to attaining the status of a habitual felon.
 

 Earlier in his criminal proceeding, Harris moved to suppress a bag of cocaine that law enforcement recovered from him during a pat-down search. The trial court denied the motion. During the plea negotiations, Harris did not inform the State that he intended to appeal the motion to suppress, and Harris did not file a notice of intent to appeal on that issue, a mandatory requirement to preserve the right to appeal a suppression ruling following a guilty plea.
 

 After the time to appeal had expired, Harris filed an untimely,
 
 pro se
 
 notice of appeal, seeking to appeal the denial of his motion to suppress and also a separate denial of a motion for continuance. Harris's court-appointed appellate counsel later filed two petitions for writ of certiorari, asking this Court to review those same rulings by writ of certiorari.
 

 For the reasons discussed below, we dismiss this appeal and deny the petitions for writ of certiorari. A petition for a writ of certiorari may be allowed in this context only if the defendant's right to prosecute the appeal "has been lost by failure to take timely
 action." N.C. R.App. P. 21(a) (2014). This Court has held that when a defendant pleads guilty without first notifying the State of the intent to appeal a suppression ruling, the defendant "has not failed to take timely action," and thus "this Court is without authority to grant a writ of certiorari."
 
 State v. Pimental,
 

 153 N.C.App. 69
 
 , 77,
 
 568 S.E.2d 867
 
 , 872 (2002). Rather, as in other cases involving a guilty plea, the right to appeal was lost because the defendant pleaded guilty, thereby waiving the right to appeal.
 
 Id.
 
 at 75-77,
 
 568 S.E.2d at 871-72
 
 .
 

 We acknowledge that a more recent case, with no analysis and without addressing
 
 Pimental,
 
 allowed a writ of certiorari in this same circumstance.
 
 State v. Davis,
 
 --- N.C.App. ----,
 
 763 S.E.2d 585
 
 , 589 (2014). But our Supreme Court has addressed what this Court must do when faced with two arguably inconsistent opinions from separate panels: we must follow the earlier opinion.
 
 State v. Jones,
 

 358 N.C. 473
 
 , 487,
 
 598 S.E.2d 125
 
 , 133-34 (2004). Accordingly, under
 
 Pimental,
 
 we dismiss this appeal and deny Harris's two petitions for writ of certiorari.
 

 Facts and Procedural History
 

 In December 2012, law enforcement stopped a car in which Defendant Kim Lamont Harris was a passenger, based on a tip from the driver. The driver told police that Harris had recently bought cocaine and that he had two bags of cocaine stuffed down the back of his pants.
 

 An officer searched Harris and discovered the cocaine. Harris later moved to suppress the search on the ground that police were required to obtain a warrant to search him, and that the search was unreasonable because it briefly revealed his naked buttocks to passers-by on the highway. Harris also moved for a continuance on the ground that he was hearing voices and was not competent to stand trial.
 

 The trial court denied the motion to suppress in an order with detailed findings of fact and conclusions of law. The court also denied the motion for a continuance, but ordered that Harris's mental state be evaluated to determine if he was competent to stand trial.
 

 On 4 June 2014, Harris entered into a plea agreement with the State and pleaded guilty to intent to sell or distribute cocaine and to obtaining the status of a habitual felon. During the plea negotiations, Harris did not inform the State that he intended to appeal the motion to suppress, and Harris did not file a notice of intent to appeal on that issue, a mandatory requirement to preserve the right to appeal a suppression ruling following a guilty plea.
 

 The trial court sentenced Harris to 100 to 132 months imprisonment with 549 days jail credit. Harris later filed two untimely,
 
 pro se
 
 notices of appeal. His court-appointed appellate counsel then filed a petition for writ of certiorari, asking this Court to review the ruling on the motion to suppress. Counsel later filed a second petition for a writ of certiorari seeking review of the denial of the motion for continuance.
 

 Analysis
 

 I. Appeal from the Denial of Motion for Continuance
 

 We begin by addressing Harris's appeal from the denial of his motion for a continuance, filed at the same time as his motion to suppress. We must dismiss this portion of the appeal because we lack jurisdiction over it and cannot allow the petition for a writ of certiorari.
 

 When a defendant pleads guilty, he waives his right to appeal on all grounds except for a narrow set of specific issues enumerated by statute.
 
 See
 
 N.C. Gen.Stat. § 15A-1444(e) (2014). The denial of a motion for a continuance is not one of the narrow exceptions to the general rule, and thus Harris waived his right to appeal that issue by pleading guilty.
 

 Moreover, a petition for a writ of certiorari in this context may be allowed only if the right to appeal "has been lost by failure to take timely action." N.C. R.App. P. 21(a). Here, Harris did not lose his right to appeal the motion for continuance because he failed to take timely action-he lost that right because he chose to plead guilty. Accordingly, we dismiss Harris's appeal from the order denying his motion for continuance and deny his petition for a writ of certiorari on this issue.
 

 II. Appeal from Denial of Motion to Suppress
 

 Our authority to hear Harris's appeal from the denial of his motion to suppress is more complicated than it is for his motion for continuance.
 

 The denial of a motion to suppress is one of the narrow categories of issues that may be appealed even after the defendant pleads guilty. N.C. Gen.Stat. § 15A-979(b) (2014). But "[t]his statutory right to appeal is conditional, not absolute."
 
 State v. McBride,
 

 120 N.C.App. 623
 
 , 625,
 
 463 S.E.2d 403
 
 , 404 (1995),
 
 aff'd
 

 344 N.C. 623
 
 ,
 
 476 S.E.2d 106
 
 (1996). "Pursuant to this statute, a defendant bears the burden of notifying the state and the trial court during plea negotiations of the intention to appeal the denial of a motion to suppress, or the right to do so is waived after a plea of guilty."
 

 Id.
 

 "The rule in this state is that notice must be
 
 specifically
 
 given."
 

 Id.
 

 Here, Harris concedes that he did
 
 not
 
 give notice of intent to appeal the suppression ruling before he pleaded guilty. But he asks this Court to allow his petition for a writ of certiorari on the grounds that he
 
 intended
 
 to file notice of intent but did not do so in a timely manner. Thus, Harris argues that his right to appeal "has been lost by failure to take timely action" and qualifies for discretionary review in this Court by writ of certiorari.
 
 See
 
 N.C. R.App. P. 21(a).
 

 The parties point to conflicting precedent from this Court concerning our authority to allow a writ of certiorari in this circumstance. In 2014, this Court allowed a petition for a writ of certiorari to review a suppression ruling despite the fact that the defendant "failed to give notice during plea negotiations as to her intent to appeal the denial of her motion to suppress."
 
 State v. Davis,
 
 --- N.C.App. ----,
 
 763 S.E.2d 585
 
 , 589 (2014). There is no analysis in
 
 Davis;
 
 the Court simply granted the petition without citing any precedent or explaining
 
 why
 
 it had the authority to allow the petition.
 

 Id.
 

 More than a decade earlier, in 2002, this Court held the opposite, denying a petition for a writ of certiorari because, in failing to file a notice of intent to appeal before pleading guilty, "defendant has not failed to take timely action" and therefore did not satisfy the requirement for review by writ of certiorari.
 
 State v. Pimental,
 

 153 N.C.App. 69
 
 , 77,
 
 568 S.E.2d 867
 
 , 872 (2002).
 
 Pimental
 
 plainly holds that because the failure to file a notice of intent to appeal the suppression ruling before pleading guilty is not "fail [ure] to take timely action ... this Court does not have the authority to issue a writ of certiorari."
 

 Id.
 

 Under well-settled Supreme Court precedent, we must ignore
 
 Davis
 
 and follow
 
 Pimental
 
 as the earlier, binding precedent.
 
 See
 

 State v. Jones,
 

 358 N.C. 473
 
 , 487,
 
 598 S.E.2d 125
 
 , 133-34 (2004). In
 
 Jones,
 
 our Supreme Court held that, when faced with two or more inconsistent panel opinions, this Court must follow the earliest opinion because one panel of this Court cannot overrule another.
 

 Id.
 

 The Supreme Court explained that although "a panel of the Court of Appeals may disagree with, or even find error in, an opinion by a prior panel and may duly note its disagreement or point out that error in its opinion, the panel is bound by that prior decision until it is overturned by a higher court."
 
 Id.
 

 Simply put, unless the
 
 Pimental
 
 holding is overturned by our Supreme Court, we are bound to follow it in all future cases, even if other panels of our Court have not. Under
 
 Pimental,
 
 we lack authority to allow the petition for a writ of certiorari to review the suppression ruling.
 

 We also note, however, that in our view,
 
 Pimental
 
 is correct. In previous cases, we have stressed the importance of the notice of intent to appeal as a way to alert the State, during the plea bargaining process, that the defendant may seek to appeal the denial of the motion to suppress. As we previously have observed, it could damage the integrity of the plea bargaining process if defendants could so easily circumvent the requirement that the State be informed of the intent to appeal:
 

 Once a defendant strikes the most advantageous bargain possible with the prosecution, that bargain is incontestable by the
 state once judgment is final. If the defendant may first strike the plea bargain, "lock in" the State upon final judgment, and then appeal a previously denied suppression motion, it gets a second bite at the apple, a bite usually meant to be foreclosed by the plea bargain itself.
 

 McBride,
 

 120 N.C.App. at 626
 
 ,
 
 463 S.E.2d at 405
 
 . Thus, even if
 
 Pimental
 
 were not binding here-and it is-we would follow its reasoning. Accordingly, we must deny Harris's petition for a writ of certiorari on this ground.
 

 Conclusion
 

 We dismiss Defendant Kim Lamont Harris's appeal and deny his two petitions for writ of certiorari.
 

 DISMISSED.
 

 Judges BRYANT and STEPHENS concur.