IN THE SUPREME COURT OF NORTH CAROLINA

No. 297PA15

Filed 21 December 2016

STATE OF NORTH CAROLINA

v.

TERRANCE JAVARR ROSS

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous, unpublished decision of the Court of Appeals, ___ N.C. App. ___, 776 S.E.2d 897 (2015), vacating a judgment entered on 5 August 2014 by Judge James W. Morgan in Superior Court, Cleveland County, and remanding for further proceedings. Heard in the Supreme Court on 17 May 2016 in session in the Old Burke County Courthouse in the City of Morganton pursuant to N.C.G.S. § 7A-10(a).

*Roy Cooper, Attorney General, by Kathleen N. Bolton, Assistant Attorney General, for the State-appellant.*

*Peter Wood, for defendant-appellee.*

BEASLEY, Justice.

We consider whether the Court of Appeals erred by vacating the judgment entered by the trial court—which was entered according to the terms of the parties' plea agreement—on grounds that defendant's plea was not entered knowingly and voluntarily. For the reasons stated herein, we reverse the decision of the Court of Appeals.

On 22 September 2008, a grand jury indicted defendant on two counts of

possession of a firearm by a felon. Defendant alleges that on 14 October 2010, while he was incarcerated in another county on unrelated charges, he filed a motion under N.C.G.S. § 15A-711(c)[1] in Superior Court, Cleveland County, to proceed with the possession of firearms charges. Defendant also alleges that in April 2013 he filed a pretrial motion to dismiss due to the State's failure to request that defendant be produced for trial within the six months after defendant's motion to proceed.[2] On 5 August 2014, the matter came on for hearing in Superior Court, Cleveland County. Defendant entered an *Alford* plea of guilty to two counts of possession of a firearm by a convicted felon. At that time, the State and defendant agreed to the following terms of the plea arrangement:

> In exchange for pleas of guilty to two counts of
> possession of a firearm by a convicted felon, the State

---

[1] Defendant filed this alleged motion pursuant to N.C.G.S. § 15A-711(c). Section 15A-711 delineates the procedures for securing attendance at hearings and trials of criminal defendants who are incarcerated in institutions within the State. Subsection 15A-711(c) provides that "[a] defendant who is confined in an institution in this State pursuant to a criminal proceeding and who has other criminal charges pending against him" may file a written request "with the clerk of the court where the other charges are pending" to "require the prosecutor prosecuting such charges to proceed pursuant to this section." A copy of defendant's request must be served upon the prosecutor, and "[i]f the prosecutor does not proceed pursuant to subsection (a) within six months from the date the request is filed with the clerk, the charges must be dismissed." N.C.G.S. § 15A-711(c) (2015).

[2] The record does not contain any file stamped copy of defendant's alleged section 15A-711 motion or motion to dismiss, and thus it is unclear whether any pretrial motions were ever filed. The record does include two documents addressed to Mr. Rick Beam regarding defendant's purported motion to dismiss, which are dated 10 September 2013 and 16 September 2013, respectively. Neither document is file stamped by the Clerk of Superior Court's office and neither appears to have been filed. An internet search shows that Rick Beam is an attorney practicing in Gaston, Cleveland, and Lincoln Counties, North Carolina. The record does not indicate the nature of Mr. Beam's relationship with defendant.

agrees to consolidate the charges into one Class G felony for sentencing with the defendant receiving an active sentence of 24 - 29 months[.]

The State further agrees to dismiss all remaining charges pending against the defendant in Cleveland County.

The sentence in these cases will run at the expiration of any sentence being served.

After defendant tendered his guilty plea before the trial court, the following colloquy occurred among defendant, defense counsel, and the trial court:

[DEFENSE COUNSEL]: . . . You can see from the transcript [defendant] has a lot of irons in the fire over here in Cleveland County, Your Honor. That's why we chose to go forward today. He feels that given all he has going on, even though there may be some holes in this case that would have benefited him at trial, the big picture he feels it's in his best interest to resolve these matters in this fashion even though he's serving a lengthy sentence, and this will add time to that. He's prepared to accept that responsibility to get the benefit of clearing all these cases up. We'd ask you to accept the plea based on that, Your Honor. . . .

. . . .

THE DEFENDANT: Your Honor, I just want to go on record saying that I had previously filed a 15 7 -- 15A 711 request, and then I followed up with a motion that was never answered with the Court, and I feel like due to that fact, *it's in my best interest to plead guilty today*.

[DEFENSE COUNSEL]: The motion was never heard, Your Honor. I think that's what he's saying. Given the uncertainty of it, he feels it's in his best interest to go forward in this fashion, Your Honor.

THE COURT: So you're abandoning whatever was –

THE DEFENDANT: No. I just want to put on record that it was made for appeal purposes. They can't say that I abandoned the whole issue with the motion. I'm saying that I filed it previously, then I brought it up with the motion that was never answered by the Court.

THE COURT: What are you talking about? A speedy trial motion?

THE DEFENDANT: No. It's just a motion to proceed.

THE COURT: Oh, I see what you're saying.

THE DEFENDANT: Yes.

THE COURT: Okay.

THE DEFENDANT: I had filed them previously within 180 days, and they didn't comply so I filed a motion to dismiss which was never heard. So after it's been so long -- at this time, *that's my best option to just go on and plead guilty*. I'll pursue that later on. I just want to leave that.

THE COURT: Well, I don't know for certain, but the fact that you're proceeding now, you may not be able to proceed on that issue.

THE DEFENDANT: *If that's the choice, I just want to have it on record. If that's the choice -- if I can't later on, I just wanted to put it on there just in case later on in the process, they don't say that I didn't bring it up before I was sentenced.*

THE COURT: Okay.

[DEFENSE COUNSEL]: I explained that to him as well, Your Honor, take whatever, if anything happens, it happens. If it doesn't, it doesn't.

> THE COURT: Okay. All right. *With all that, it's still your choice to go ahead?*
>
> [THE DEFENDANT]: *Yes. Yes, sir.*
>
> THE COURT: All right. I just wanted to make sure that was clear.

(Emphases added). The trial court accepted defendant's guilty plea and sentenced him to twenty-four to twenty-nine months in prison. Defendant gave notice of appeal the same day he entered his guilty plea.[3]

On 15 August 2014, defendant filed a *pro se* motion for appropriate relief in the trial court arguing that the trial court lacked jurisdiction over defendant and the subject matter of the case. Specifically, defendant argued that because the State failed to proceed as required by N.C.G.S. § 15A-711(c) after his written request to do so, the charges against him should have been dismissed. In its 18 August 2014 written order, which was entered on 20 August 2014, the trial court denied defendant's motion for appropriate relief, concluding that defendant waived all claims

---

[3] The State filed a Motion to Dismiss defendant's appeal. The Court of Appeals dismissed the appeal because defendant had no right of appeal from the trial court's acceptance of his guilty plea. *See* N.C.G.S. § 15A-1444 (2015) (enumerating the limited circumstances in which a defendant who pleads guilty has a right to appeal).

In support of his purported appeal as of right, defendant asserted before the Court of Appeals that the trial court committed prejudicial error when it accepted his guilty plea to two counts of possession of a firearm by a felon because the evidence only supported one conviction of possession of a firearm by a felon. Additionally, he asserted that the trial court committed prejudicial error when it failed to dismiss the charges against him after the State failed to writ him to Cleveland County within six months of his section 15A-711 motion.

he may have had under section 15A-711 when he entered his guilty plea; that it had jurisdiction over defendant; and that defendant's constitutional and statutory rights were not violated by the entry and acceptance of his guilty plea. The record does not indicate that defendant noted an appeal from the denial of his motion for appropriate relief.

On 27 February 2015, defendant petitioned for writ of certiorari to the Court of Appeals. In his petition defendant argued that: (1) there was an insufficient factual basis to support a plea of guilty on one of his charges; and (2) the trial court should have dismissed the charges on the basis that the State violated N.C.G.S. § 15A-711 and erred in its denial of his post-conviction motion for appropriate relief based on the State's violation of section 15A-711.

The Court of Appeals allowed defendant's petition for writ of certiorari to review the question of whether defendant entered his guilty plea voluntarily and knowingly. *State v. Ross*, ___ N.C. App. ___, 776 S.E.2d 897, 2015 WL 4620517 (2015) (unpublished). Although the parties did not brief the issue of whether defendant's plea was entered knowingly and voluntarily, the Court of Appeals reasoned that it is proper to issue this extraordinary writ when the voluntariness of a defendant's plea is in question and the defendant made a motion for appropriate relief in an effort to preserve matters to be heard after trial.

In its opinion the Court of Appeals cited its previous holding that "a guilty plea entered pursuant to a transcript of plea which purports to reserve the right to seek appellate review" of an issue not subject to review after the entry and acceptance of the plea "does not result in the entry of a plea which 'is a product of informed choice.'" *Ross*, 2015 WL 4620517, at \*1 (quoting *State v. Tinney,* 229 N.C. App. 616, 624, 748 S.E.2d 730, 736 (2013) (quoting N.C.G.S. § 15A-1022(b))). The Court of Appeals further explained that "the entry of a plea conditioned on the appealability of non-appealable matters does not result in the entry of a voluntary plea." *Id.* (citing *State v. Demaio*, 216 N.C. App. 558, 562, 716 S.E.2d 863, 866 (2011)). After reviewing the plea hearing transcript, the Court of Appeals held that defendant conditioned his plea on the appealability of the failure to grant his section 15A-711 motion; therefore, the plea "was not entered knowingly and voluntarily." *Id.* at 2. The Court of Appeals, accordingly, vacated the trial court's judgment and remanded for further proceedings. *Id.* This Court allowed discretionary review on 28 January 2016.

In its brief to this Court, the State requested that we review whether the Court of Appeals erred when it vacated the trial court's judgment on the grounds that defendant's plea was not entered knowingly and voluntarily. This Court reviews the decision of the Court of Appeals to determine whether the decision contains any error of law. *E.g.*, *State v. Brooks*, 337 N.C. 132, 149, 446 S.E.2d 579, 590 (1994) (citations omitted).

The exchange among defendant, defense counsel, and the trial court during the plea colloquy—a portion of which is set out above—does not indicate that defendant's guilty plea was conditionally entered so as to preserve the right for pretrial motions to be heard at a later time. When considered in its entirety, the transcript of the plea hearing does not demonstrate that defendant believed his plea was conditioned on the right to seek review of any pretrial motion. Defendant pleaded guilty understanding that the right to appeal any claims he may have raised before the trial court was not preserved and was therefore waived. The trial court warned defendant that he "may not be able to proceed on [the motions]," thereby waiving certain rights by entering his guilty plea. Defendant indicated multiple times that he understood the trial court's explanation regarding the waiver of certain rights. Defendant also signed the transcript of plea form, which indicated that there were limitations on his right to appeal. *See State v. Agnew*, 361 N.C. 333, 335, 643 S.E.2d 581, 583 (2007) ("Because a guilty plea waives certain fundamental constitutional rights such as the right to a trial by jury, our legislature has enacted laws to ensure guilty pleas are informed and voluntary."); *see also State v. Reynolds*, 298 N.C. 380, 395, 259 S.E.2d 843, 852 (1979) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." (quoting *Tollett v. Henderson*, 411 U.S.

258, 267, 36 L. Ed. 2d 235, 243 (1973))), *cert. denied*, 446 U.S. 941, 64 L. Ed. 2d 795 (1980).

Furthermore, defendant acknowledged that the plea arrangement as set forth in the transcript of plea was his "full plea arrangement." Unlike *Demaio*, on which the Court of Appeals relied, the terms and conditions of the parties' plea agreement in this case did not attempt to preserve the right to appellate review of a non-appealable matter. In *Demario* the defendant's plea agreement expressly provided that he preserved the right to appeal the denial of certain pretrial motions. 216 N.C. App. at 560-61, 716 S.E.2d at 865. But the defendant had no appeal as of right as a result of his guilty plea and waived the right to seek review of these claims at a later time by pleading guilty. Thus, the defendant had no means to take advantage of the plea arrangement to which he agreed. *Id.* at 561-65, 716 S.E.2d at 865-68. In that case the Court of Appeals explained that because the defendant entered a guilty plea on the condition that he preserved the right to appeal a non-appealable matter, his plea was not voluntary. *Id.* at 564-65, 716 S.E.2d at 867-68. Here, however, defendant's plea agreement was not conditioned on the right to appeal a non-appealable matter. The only terms and conditions set forth in the parties' plea agreement are the following:

> In exchange for pleas of guilty to two counts of possession of a firearm by a convicted felon, the State agrees to consolidate the charges into one Class G felony for sentencing with the defendant receiving an active sentence of 24 - 29 months[.]

> The State further agrees to dismiss all remaining charges pending against the defendant in Cleveland County.
>
> The sentence in these cases will run at the expiration of any sentence being served.

Defendant's plea agreement was not conditioned on anything else. Additionally, unlike *Demaio*, in which the defendant was never advised that a provision in his plea agreement was invalid, the trial court here informed defendant that he may not be able to seek appellate review of any failure to grant certain pretrial motions, and defendant indicated to the trial court that he understood he waived his rights. *See Tinney*, 229 N.C. App. at 622, 748 S.E.2d at 735 (holding that the defendant was "not entitled to relief from the trial court's judgment on the basis of the principle enunciated in *Demaio*" because the defendant "had ample notice" that if he proceeded with the guilty plea it was not likely that he could obtain review of an order transferring his case from district court to superior court). Defendant does not allege that he conditioned his guilty plea on the right to appeal the failure to grant his section 15A-711 motion, and at the hearing defendant and defense counsel specifically told the trial court that defendant wanted to move forward with the plea agreement because it was in defendant's best interest. Accordingly, we hold that defendant entered his guilty plea knowingly and voluntarily.

Further, the Court of Appeals found it appropriate to grant defendant's petition for writ of certiorari only on the issue of whether defendant's plea was

knowing and voluntary, and not on the two issues raised by defendant in his petition for writ of certiorari. The decision concerning whether to issue a writ of certiorari is discretionary, and thus, the Court of Appeals may choose to grant such a writ to review some issues that are meritorious but not others for which a defendant has failed to show good or sufficient cause. *See Womble v. Moncure Mill & Gin Co.*, 194 N.C. 577, 579, 140 S.E. 230, 231 (1927) ("*Certiorari* is a discretionary writ, to be issued only for good or sufficient cause shown, and it is not one to which the moving party is entitled as a matter of right." (citations omitted)). As such, the two issues that defendant raised in his petition for writ of certiorari to the Court of Appeals have not survived that court's decision to allow the writ for the limited purpose of considering the voluntariness of his guilty plea. Specifically, defendant did not appeal the trial court's denial of his motion for appropriate relief; he is not entitled to appeal his guilty plea; if he did file a section 15A-711 motion, any challenge to the failure to grant it did not survive his guilty plea; and defendant cannot now challenge the sufficiency of the factual basis for his plea deal.

Because we conclude that defendant pleaded guilty knowingly and voluntarily, we therefore reverse the decision of the Court of Appeals vacating defendant's guilty plea and the resulting judgment.

REVERSED.