IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA18-26-2

 Filed: 5 November 2019

Johnston County, No. 14 CRS 55188, 15 CRS 53276

STATE OF NORTH CAROLINA

 v.

VAN BUREN KILLETTE, SR.

 Appeal by defendant from judgment entered 6 July 2017 by Judge Thomas H.

Lock in Johnston County Superior Court. Originally heard in the Court of Appeals

20 September 2018, with opinion issued 2 October 2018. The defendant’s petition for

discretionary review pursuant to N.C. Gen. Stat. § 7A-31 was allowed by the Supreme

Court of North Carolina on 19 August 2019 for the limited purpose of remanding to

this Court for reconsideration.

 Attorney General Joshua H. Stein, by Assistant Attorney General Nancy Dunn
 Hardison, for the State.

 Appellate Defender Glenn Gerding, by Assistant Appellate Defender Katy
 Dickinson-Schultz, for defendant-appellant.

 TYSON, Judge.

 I. Factual Background

 The facts giving rise to this appeal are set forth in detail in this Court’s prior

opinion. State v. Killette, ___ N.C. ___, 818 S.E.2d 646, 2018 WL 4701970 (2018)

(unpublished). Defense counsel filed a motion to suppress the items seized during
 STATE V. KILLETTE

 Opinion of the Court

the September 2014 search. The hearing on this motion was held 3 May 2017. At

the conclusion of the hearing, the parties consented to the court ruling out of session.

The court signed a written order denying Defendant’s motion to suppress on 6 July

2017, which was filed 7 July 2017.

 Defense counsel also filed a motion to suppress the items seized from a June

2015 search. The hearing on this motion was held 18 May 2017. At the conclusion

of this hearing, the trial court orally denied the motion to suppress and entered a

written order memorializing its ruling filed on 7 June 2017.

 On 6 July 2017, Defendant entered an Alford plea pursuant to a plea

arrangement with the State to the two counts of manufacturing methamphetamine,

alleged in 14 CRS 55188 and 15 CRS 53276. In exchange for the plea, the State

dismissed the remaining charges. The trial court consolidated the offenses into one

judgment, sentenced Defendant to a term of 120 to 156 months of imprisonment in

accordance with the terms of the plea arrangement. Defendant filed a handwritten

notice of appeal on 10 July 2017.

 Defendant’s pro se notice of appeal was filed appealing “the decision made in

reference to the file number 14 CRS 055188 and 15 CRS 053276.” The notice is

addressed “To The Clerk of Superior Court” and does not reflect an appeal to this

Court nor show that the notice was served on the State. Nonetheless, appellate

entries were completed and appellate counsel was appointed. Defendant’s appellate

 -2-
 STATE V. KILLETTE

 Opinion of the Court

counsel filed a petition for writ of certiorari to allow Defendant to seek review to this

Court.

 II. Intent to Appeal Denial of Motion to Suppress Evidence

 A. Direct Appeal

 Defendant’s sole argument on appeal is that the trial court erred by denying

his motion to suppress the evidence obtained from the probation officer’s search in

September 2014. We dismiss Defendant’s attempted direct appeal for his failure to

preserve this issue and to provide notice to the State and trial court when he entered

his guilty plea.

 The Supreme Court of North Carolina has held “when a defendant intends to

appeal from the denial of a suppression motion pursuant to [N.C. Gen. Stat. § 15A-

979(b)], he must give notice of his intention to the prosecutor and to the court before

plea negotiations are finalized; otherwise, he will waive the appeal of right provisions

of the statute.” State v. Tew, 326 N.C. 732, 735, 392 S.E.2d 603, 605 (1990) (citation

omitted) (emphasis supplied).

 This Court has repeatedly held that when a defendant pleads guilty without

first notifying the State of the intent to appeal a suppression ruling, the defendant

“has not failed to take timely action,” and thus “this Court is without authority to

grant a writ of certiorari.” State v. Pimental, 153 N.C. App. 69, 77, 568 S.E.2d 867,

872, disc. review denied, 356 N.C. 442, 573 S.E.2d 163 (2002). Rather, as in other

 -3-
 STATE V. KILLETTE

 Opinion of the Court

cases involving a guilty plea, the right to appeal was lost because the defendant

pleaded guilty, thereby waiving the right to appeal, and not because he failed “to take

timely action.” Id. at 75-77, 568 S.E.2d at 871-72. Under Appellate Rule 21, a petition

for a writ of certiorari may be allowed in this context only if the defendant’s right to

prosecute the appeal “has been lost by failure to take timely action.” N.C. R. App. P.

21(a).

 B. Defendant’s Petition for Writ of Certiorari

 Defendant has “petitioned this Court for certiorari. A petition for the writ must

show merit or that error was probably committed below. In re Snelgrove, 208 N.C.

670, 672, 182 S.E. 335. Certiorari is a discretionary writ, to be issued only for good

and sufficient cause shown. Womble v. Gin Company, 194 N.C. 577, 579, 140 S.E.

230.” State v. Grundler, 251 N.C. 177, 189, 111 S.E.2d 1, 9 (1959). See also State v.

Ross, 369 N.C. 393, 400, 794 S.E.2d 289, 293 (2016) (reversing grant of certiorari by

the Court of Appeals on defendant’s challenge of sufficiency of factual basis of a guilty

plea: “Court of Appeals may choose to grant such a writ to review some issues that

are meritorious but not others for which a defendant has failed to show good or

sufficient cause”).

 In his petition for writ of certiorari, Defendant asserts the applicability of State

v. Davis, 237 N.C. App. 22, 763 S.E.2d 585, (2014). The opinion in Davis, with no

analysis and without citing or addressing prior binding authority in Tew or Pimental,

 -4-
 STATE V. KILLETTE

 Opinion of the Court

cited a case with no precedential value and allowed a discretionary writ of certiorari

in a similar circumstance. Id. at 27, 763 S.E.2d at 589 (citing State v. Franklin, 224

N.C. App. 337, 736 S.E.2d 218, aff’d per curiam by equally divided court, 367 N.C.

183, 752 S.E.2d 143 (2013)).

 Our Supreme Court has addressed this Court’s responsibility when faced with

two arguably inconsistent opinions from separate panels: we must follow the earlier

opinion. State v. Jones, 358 N.C. 473, 487, 598 S.E.2d 125, 133-34 (2004) (citing In re

Civil Penalty, 324 N.C. 373, 385, 379 S.E.2d 30, 37 (1989)). In Jones, our Supreme

Court held that, when faced with two or more inconsistent panel opinions on an issue,

this Court must follow the earliest opinion, because one panel of this Court cannot

overrule another. Id. The Supreme Court explained that although “a panel of the

Court of Appeals may disagree with, or even find error in, an opinion by a prior panel

and may duly note its disagreement or point out that error in its opinion, the panel

is bound by that prior decision until it is overturned by a higher court.” Id. Under

well-settled precedents, we disregard Davis and follow Tew, Pimental, and State v.

Harris as the earlier, binding precedents. See Jones, 358 N.C. at 487, 598 S.E.2d at

133-34.

 In our view, Tew, Pimental, and Harris correctly apply the law. State v. Harris,

243 N.C. App. 137, 141, 776 S.E.2d 554, 556 (2015). In previous cases, our Supreme

Court and this Court have stressed the importance of a defendant’s prior notice of

 -5-
 STATE V. KILLETTE

 Opinion of the Court

intent to appeal as a way to alert the State, during the plea bargaining process, that

the defendant may seek to appeal the denial of the motion to suppress. Tew, 326 N.C.

at 735, 392 S.E.2d at 605.

 Once a defendant strikes the most advantageous bargain
 possible with the prosecution, that bargain is incontestable
 by the [S]tate once judgment is final. If the defendant may
 first strike the plea bargain, “lock in” the State upon final
 judgment, and then appeal a previously denied
 suppression motion, [the defendant] gets a second bite at
 the apple, a bite usually meant to be foreclosed by the plea
 bargain itself.

State v. McBride, 120 N.C. App. 623, 626, 463 S.E.2d 403, 405 (1995).

 Here, the wisdom of this reasoning is plainly evident. Defendant entered an

Alford plea pursuant to a plea arrangement with the State on the two counts of

manufacturing methamphetamine, 14 CRS 55188 and 15 CRS 53276, on 6 July 2017.

In exchange, the State dismissed the remaining charges. The trial court consolidated

the offenses into one judgment, again in accordance with the terms of the plea

arrangement.

 Defendant knew his motions to suppress were denied. He received the full

benefit of his bargain and failed to place the State or the trial court on any notice he

intended to reserve the right to appeal. Defendant’s failure to provide the required

notice to the State and the trial court damages the integrity of the plea bargaining

process. If defendants can so easily circumvent the fairness requirement that the

 -6-
 STATE V. KILLETTE

 Opinion of the Court

State be informed of a defendant’s intent to appeal prior to concluding the plea

agreement, the State may offer fewer plea bargains.

 Even if Tew, Pimental and Harris were not binding on the issues here—and

they are—within any jurisdictional discretion to allow the petition, we would follow

and apply their reasoning. After reviewing the parties arguments, we apply binding

precedents, and deny Defendant’s petition for a writ of certiorari on this ground.

 Unless Tew, Pimental, and Harris holdings are overturned by our Supreme

Court, this Court is bound to follow them in all future cases, even if one panel of our

Court failed to follow and to apply prior binding precedents, and purportedly relied

upon a fractured case with no precedential value. See Davis, 237 N.C. App. at 27, 763

S.E.2d at 589; see also In re Civil Penalty, 324 N.C. at 385, 379 S.E.2d at 37.

 Other than recognizing this Court’s appellate jurisdiction to exercise our

discretion on a petition for writ of certiorari, nothing else in the holdings of either

State v. Stubbs, 368 N.C. 40, 770 S.E.2d 74 (2015) or State v. Ledbetter, __ N.C. __,

814 S.E.2d 39 (2018) bears on the issues before us in this appeal. The fact this Court

possesses the jurisdictional power to allow in our discretion, does not compel us to do

so under Defendant’s burden to show prejudicial reversible error and the clearly

unmeritorious facts before us.

 Applying Ross, Tew, Pimental and Harris, supra, Defendant’s petition shows

no basis to grant his requested discretionary writ. We deny the petition for a writ of

 -7-
 STATE V. KILLETTE

 Opinion of the Court

certiorari to review the unpreserved and waived suppression rulings. Defendant’s

petition does not assert his “failure to take timely action.”

 We dismiss Defendant’s purported appeal and deny Defendant’s petition for

writ of certiorari. It is so ordered.

 DISMISSED.

 Judge BERGER concurs.

 Judge INMAN concurs with separate opinion.

 -8-
 No. COA18-26-2 – State v. Killette

 Inman, Judge, concurring.

 I concur in the majority’s decision to deny Defendant’s petition for certiorari

review upon reconsideration in light of the North Carolina Supreme Court’s decisions

in State v. Ledbetter, ___ N.C. ___, 814 S.E.2d 39 (2018), and State v. Stubbs, 368 N.C.

40, 770 S.E.2d 74 (2015). I write separately, however, because I respectfully disagree

with the majority’s holding that prior decisions of the Supreme Court and this Court,

relied upon by our earlier opinion in this case and in today’s opinion, are binding on

our exercise of discretion in this case.

 The majority, relying on State v. Tew, 326 N.C. 732, 392 S.E.2d 603 (1990), and

State v. Pimental, 153 N.C. App. 69, 568 S.E.2d 867 (2002), writes that “[u]nder

Appellate Rule 21, a petition for a writ of certiorari may be allowed in this context

only if the defendant’s right to prosecute the appeal ‘has been lost by failure to take

timely action.’ ” Following Ledbetter, our exercise of discretion is not so limited, and

we are required to exercise our discretion independent of Appellate Rule 21.

Ledbetter held: “Rule 21 does not prevent the Court of Appeals from issuing writs of

certiorari or have any bearing upon the decision as to whether a writ of certiorari

should be issued.” ___ N.C. at ___, 814 S.E.2d at 43 (emphasis added). Nor do I agree

with the majority’s conclusion that Pimental and State v. Harris, 243 N.C. App. 137,

77 S.E.2d 554 (2015), are “binding . . . within any jurisdictional discretion to allow

the petition” after Ledbetter and Stubbs.
 STATE V. KILLETTE

 INMAN, J., concurring

 Tew held that if a defendant fails to give notice of his intention to appeal a

denial of a motion to suppress before plea negotiations are finalized, he waives his

statutory right of appeal pursuant to N.C. Gen. Stat. § 15A-979(b) (2017). 326 N.C.

at 735, 392 S.E.2d at 605. Neither this holding, nor the statute it interpreted,

addresses a defendant’s right to petition for a writ of certiorari, or limit our exercise

of discretion provided by N.C. Gen. Stat. § 15A-1444(e) (2017). See Ledbetter, ___ N.C.

at ___, 814 S.E.2d at 43 (“Absent specific statutory language limiting the Court of

Appeals’ jurisdiction, the court maintains its jurisdiction and discretionary authority

to issue the prerogative writs, including certiorari.”).

 In Pimental, this Court held that a defendant who failed to give notice of his

intention to appeal from a motion to suppress prior to accepting a plea bargain was

not entitled to a writ of certiorari because that circumstance did not fall within the

three enumerated situations outlined in Rule 21(a)(1); as a result, we held “this Court

does not have the authority to issue a writ of certiorari.” 153 N.C. App. at 77, 568

S.E.2d at 872. Our decision in Harris expressly relied on this language in denying a

defendant’s petition for certiorari as outside our “authority” in similar circumstances.

243 N.C. App. at 138, 776 S.E.2d at 555 (quoting Pimental, 153 N.C. App. at 77, 568

S.E.2d at 872). However, as stated above, our Supreme Court has since held that

Rule 21 does not limit, determine, or otherwise modify this Court’s “jurisdiction and

discretionary authority” to issue writs of certiorari. Ledbetter, ___ N.C. at ___, 814

 2
 STATE V. KILLETTE

 INMAN, J., concurring

S.E.2d at 43; cf. State v. Thomsen, 369 N.C. 22, 27, 789 S.E.2d 639, 643 (2016)

(“[D]efendant argues that the Court of Appeals was not authorized by Rule 21 . . . to

issue the writ of certiorari . . . . But, as we explained in Stubbs, if a valid statute

gives the Court of Appeals jurisdiction to issue a writ of certiorari, Rule 21 cannot

take it away.” (citing Stubbs, 368 N.C. at 43-44, 770 S.E.2d at 76)).

 In sum, while I agree that the analysis in the prior decisions cited by the

majority may be instructive to the exercise of our discretion when reviewing a petition

for certiorari review of an appeal following a guilty plea—and that Defendant’s

petition for writ of certiorari should be denied in our discretion—I disagree with the

conclusion that these prior decisions foreclose a full exercise of our authority and

discretion in reviewing Defendant’s petition in this case.

 3