IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA18-1285

 Filed: 5 November 2019

Randolph County, Nos. 16CRS1115, 52524

STATE OF NORTH CAROLINA

 v.

JAQUAIL DONAVEN ALSTON, Defendant.

 Appeal by Defendant from judgment entered 8 March 2018 by Judge V.

Bradford Long in Randolph County Superior Court. Heard in the Court of Appeals

18 September 2019.

 Attorney General Joshua H. Stein, by Assistant Attorney General Kristin J.
 Uicker, for the State.

 Cooley Law Office, by Craig M. Cooley, for Defendant-Appellant.

 DILLON, Judge.

 Defendant Jaquail Donaven Alston appeals from a judgment convicting him of

felony serious injury by vehicle (“FSIBV”). We affirm.

 I. Background

 In April 2017, a grand jury indicted Defendant for FSIBV, driving while

impaired, and driving while license revoked. Eleven months later, in March 2018,

Defendant pleaded guilty to the FSIBV charge and the other two charges were

dropped, as part of a plea agreement.
 STATE V. ALSTON

 Opinion of the Court

 Defendant petitioned our Court for a writ of certiorari to review whether the

prosecutor’s factual basis presented to the trial court was not sufficient. We grant

certiorari to consider the merits of Defendant’s appeal.

 II. Analysis

 Defendant alleges that the factual basis put forth by the prosecutor was

insufficient to warrant an informed decision by the trial court. Our General Assembly

has provided that “[t]he judge may not accept a plea of guilty or no contest without

first determining that there is a factual basis for the plea” but that “[t]his

determination may be based upon . . . a statement of facts by the prosecutor[.]” N.C.

Gen. Stat. § 15A-1022(c) (2018). See State v. Atkins, 349 N.C. 62, 95-97, 505 S.E.2d

97, 118-19 (1998) (concluding that the prosecutor’s factual summary was sufficient to

allow the trial court to accept a defendant’s guilty plea).

 Here, after the trial judge read the plea transcript to Defendant, the prosecutor

gave the following factual summary:

 This matter occurred on [25 May 2016], Your Honor. It was
 investigated by the highway patrol. On that date, Your
 Honor, they received a call at 3 o’clock in the morning, Your
 Honor. The vehicle had a one car accident. It had veered
 off the road and struck a tree and then flipped over, Your
 Honor, on I-73.

 When they arrived there, there were three individuals,
 Your Honor, a male, female and small child, I believe at the
 time was an infant, five months or so. The EMTs, Your
 Honor, had taken the individuals to the hospital. At the
 hospital, Your Honor, Mr. Alston was acting erratically –

 -2-
 STATE V. ALSTON

 Opinion of the Court

 unresponsive and acting erratically, so they drew the
 blood, Your Honor. The EMT noted to the hospital that he
 was the driver.

 When they actually questioned him, Your Honor, when he
 was responsive, he did say he was the driver. At the
 hospital, blood was drawn. He was then released. . . . His
 girlfriend was there with her baby, Your Honor. The baby
 was injured and flown to another hospital. His wife then
 said, “No, no, I was the driver.” She gave a statement that
 she was distracted by her cell phone or so and that she was
 the driver.

 There was a little argument between the two. He told her,
 why are you lying in front of the trooper, etc. So the
 charges stayed with him, Your Honor. Like I said, the EMT
 noticed that he was the driver. He was the initial person
 that said he was the driver. So, that being said, the reason
 we bring that to your attention, Judge, is that we have
 limited contact with her, obviously, for those.

 Some of the stuff came back, no impact statement. We did
 finally track her down through Mr. Evans, as far as a phone
 number, just to clarify that she did not want to be here, and
 she said the child was doing fine now. So, just as far as
 that information. His blood was sent off to the lab, Your
 Honor. It came back positive for Alprazolam and
 Benzodiazepine. Those two narcotics were in his system,
 Judge. And that would be all, Judge.

The trial judge then asked defense counsel if there was anything more that he wanted

to add. Defense counsel answered that he did not wish to change any of the

information put forth by the prosecutor and that “[Defendant] does have a two-year

old daughter, and one of the reasons he wanted to go ahead and try and go on

 -3-
 STATE V. ALSTON

 Opinion of the Court

probation is so he can get out, go back to work and start taking care of his child. . . .

So we just ask Your Honor to accept the plea.”

 On appeal, Defendant claims that it was unclear from the prosecution’s factual

summary whether he was under the influence while driving and whether the infant

sustained serious injury. He claims the prosecutor needed to provide more evidence

to the trial judge to prove these elements of the charge. However, the prosecutor need

not “find evidence from each, any, or all of the enumerated sources.” Atkins, supra.

These elements could reasonably be inferred. Specifically, it could be inferred from

the prosecutor’s description of drug components being found in Defendant’s blood that

Defendant was driving under the influence. And it could be inferred from the

prosecutor’s statement that the child victim had to be transferred to another hospital

for care that the child sustained serious injury. Thus, the information given by the

prosecutor for the case’s factual basis was sufficient.

 III. Conclusion

 For the aforementioned reasons, we affirm the lower court’s ruling that finds

the factual basis to support the guilty plea.

 AFFIRMED.

 Judge BROOK concurs.

 Judge TYSON dissents by separate opinion.

 -4-
 No. COA18-1285 – State v. Alston

 TYSON, Judge, dissenting.

 I vote to deny Defendant’s petition for writ of certiorari in the exercise of

discretion and precedents, and to grant the State’s motion to dismiss his appeal. I

respectfully dissent.

 I. Petition for Writ

 Defendant has “petitioned this Court for certiorari. A petition for the writ must

show merit or that error was probably committed below. In re Snelgrove, 208 N.C.

670, 672, 182 S.E. 335. Certiorari is a discretionary writ, to be issued only for good

and sufficient cause shown. Womble v. Gin Company, 194 N.C. 577, 579, 140 S.E.

230.” State v. Grundler, 251 N.C. 177, 189, 111 S.E.2d 1, 9 (1959). See also State v.

Ross, 369 N.C. 393, 400, 794 S.E.2d 289, 293 (2016) (reversing grant of certiorari by

the Court of Appeals on defendant’s challenge of sufficiency of factual basis of plea:

“Court of Appeals may choose to grant such a writ to review some issues that are

meritorious but not others for which a defendant has failed to show good or sufficient

cause”).

 Defendant entered a guilty plea pursuant to a plea arrangement with the State

on one count of felony serious injury by vehicle. In exchange, the State dismissed both

the remaining charges of driving while impaired and driving while license revoked.

The trial court suspended the sentence and placed Defendant on supervised

probation.
 STATE V. ALSTON

 TYSON, J., dissenting

 The majority’s opinion details from the transcript the factual basis for his plea

and Defendant’s specifically addressing the trial court and declining to add to or

change the State’s factual summary for his plea. The trial court entered judgment in

accordance with the terms of the plea arrangement.

 Defendant received the full benefit of his plea bargain and failed to place the

State or the trial court on any notice of any dissatisfaction or that he intended to seek

further review on appeal after judgment on his plea was entered. Defendant’s in-

court admission to the factual basis to support his guilty plea, acceptance of its

benefits, and his failure to provide or preserve any prior notice to the State and the

trial court precludes further review. For Defendant to now seek appellate review of

his guilty plea, with no showing of either merit or any prejudicial error, damages the

fairness and integrity of the plea bargaining process and violates long standing

precedents. See id.

 The State may offer fewer binding plea bargains, if a defendant circumvents

the fairness requirement to inform the State of his intent to seek further review on

appeal. The State can expressly preclude such collateral back door actions by

requiring prior disclosure and waiver of appeal as an express condition of the plea

arrangement.

 II. Conclusion

 2
 STATE V. ALSTON

 TYSON, J., dissenting

 Defendant’s petition “must show merit or that error was probably committed

below.” Grundler, 251 N.C. at 189, 111 S.E.2d at 9. This standard mandates a writ

to be “issued only for good and sufficient cause shown.” Id. Absent Petitioner’s “must”

showing of “merit” or probable prejudicial “error,” there exists no “good and sufficient

cause shown to issue” the writ. Id. Defendant’s petition asserts no basis to allow and

is procedurally barred.

 Defendant’s petition for a wholly discretionary writ is properly denied and the

State’s motion to dismiss his purported appeal is properly allowed. Ross, 369 N.C. at

400, 794 S.E.2d at 293. Defendant received the full benefit of his plea bargain and

did not disclose or preserve his intent to seek appellate review.

 The majority’s opinion provides no basis whatsoever to allow Defendant’s

petition after his guilty plea, dismissal of other charges, being given a suspended

sentence and probation, particularly after his expressed agreement with the State’s

factual basis for his guilty plea. Allowing his petition under this facts is clearly

precluded under binding precedents. See id. I vote to deny Defendant’s petition for

writ of certiorari and allow the State’s motion to dismiss the appeal. I respectfully

dissent.

 3